The trial court found that the defendant and one Lorenzo Rowe were observed using one of the four self-service quarter-operated vacuum machines of Wurdig's Car Wash in Bloomfield. Rowe took a claw-type hammer from the trunk of the car and proceeded to bang on and pry open the coin box while the defendant was vacuuming the car. Later the car was moved to another vacuum machine. When the police were summoned the owner opened the four coin boxes and found two empty, one of which was damaged. There was evidence that the other empty box had been forcibly opened. There should have been at least one quarter in each box because the owner regularly inserted a quarter marked with a red dot into each of his *Page 768 
machines. Upon a search of the car the police found, on the floor of the back seat, a claw-type hammer and, in a partially opened ash tray in the front-seat section, four dollars in quarters. At the trial the defendant admitted that he was in possession of the car but claimed that his only purpose in being at the car wash was to have it cleaned and washed for his aunt who owned it.
The defendant concedes, as he must, that, based on the evidence adduced at the trial, Rowe had committed the crimes of possession of burglar's tools, criminal mischief in the third degree and larceny in the fourth degree. While the court found that the defendant was not actively engaged in the commission of any of the crimes charged, it did find that the defendant was guilty as an accessory. The defendant claims that there was insufficient evidence for the court so to find.
An examination of the transcript reveals that there was ample evidence from which the court could find, as it did, that the defendant was acting in concert with Rowe in his criminal activities. Although the defendant claims that he was a mere passive bystander, the circumstances under which the defendant was using the vacuum point unmistakably to the conclusion that he was an accessory. State v. Laffin, 155 Conn. 531, 536.
The defendant's assignment respecting the claimed unconstitutionality of 54-1a of the General Statutes has been dealt with and disposed of by our decision in State v. Auclair,33 Conn. Sup. 704. The remaining assignments of error either have been abandoned in the brief or have not been briefed and are, therefore, considered abandoned. State v. Hall, 165 Conn. 599, 607.
 There is no error.
SPEZIALE, PARSKEY, and SPONZO, Js., participated in this decision.