**UNITED STATES of America**

v.

**Jorge L. RIVERA.**

**Crim. No. H78–75.**

United States District Court,
D. Connecticut.

Feb. 15, 1979.

Thomas S. Luby, Asst. U. S. Atty., Richard Blumenthal, U. S. Atty., New Haven, Conn., for plaintiff.

Kevan Acton, Asst. Federal Public Defender, Andrew Bowman, Chief Federal Public Defender, New Haven, Conn., for defendant.

## RULING ON MOTION TO DISMISS

CLARIE, Chief Judge.

The defendant has been indicted in this Court for violating 18 U.S.C. § 922(h)(1) [1] which prohibits *inter alia* a previously convicted felon from receiving any firearm which has been shipped or transported in interstate or foreign commerce. The defendant's Motion to Dismiss is premised upon his claim that due to a jurisdictional deficiency his previous state court conviction cannot be considered a felony for purposes of the federal statute. The Court finds that his prior conviction does establish a proper basis upon which to allege a violation of 18 U.S.C. § 922(h)(1).

### Facts

The underlying facts of the case are not in dispute. On October 5, 1971 the defendant was convicted in the former Circuit Court of Connecticut [2] of *inter alia* Breaking and Entering with Criminal Intent in violation of former § 53–76 [3] of the Connecticut General Statutes. The crime carried a maximum sentence of four years imprisonment. The defendant actually received a six month suspended sentence and was placed on probation for one year.

The defendant had been prosecuted in the Circuit Court pursuant to the statutory grant of jurisdiction found in former Conn. Gen.Stat. § 54–1a. [4] This law extended the Circuit Court's jurisdiction from offenses punishable by a fine of not more than one thousand dollars and/or imprisonment of not more than one year, to offenses punishable by a fine of not more than five thousand dollars and/or imprisonment for not more than five years.

In July of 1974, the Connecticut Supreme Court in *Szarwak v. Warden*, 167 Conn. 10, 355 A.2d 49 (1974) found unconstitutional this statutory extension of jurisdiction. The court found that the Connecticut General Assembly lacked the constitutional authority to extend the Circuit Court's criminal jurisdiction beyond the imposition of penalties in excess of a fine of one thousand dollars and/or imprisonment for more than one year.

The legal issue raised by the present motion is a narrow one. The defendant has been charged with violating 18 U.S.C. § 922(h)(1), a statute which specifically applies to individuals who have been convicted ". . . of a crime punishable by imprisonment for a term exceeding one year." [5]

---

1. 18 U.S.C. § 922(h)(1) reads in pertinent part that:

 "(h) It shall be unlawful for any person—
 (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

 . . . . .

 "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

2. By Public Acts 1974, No. 74–183, the Circuit Court and the Court of Common Pleas were merged effective December 31, 1974. Subsequent to the merger trial jurisdiction became vested in the Superior Court pursuant to the provisions of Public Acts 1976, No. 76–436.

3. This statute reads:

 "*Any person who, with intent to commit any crime therein, breaks and enters any building or vessel, or any motor vehicle, in the possession of another used as a place for the custody of property, or any building used as a place of instruction or of public worship, shall be imprisoned not more than four*

years." *Repealed by Public Acts 1969, No. 828, § 214, effective October 1, 1971.*

4. Former Conn.Gen.Stat. § 54–1a stated in pertinent part:

 "The Circuit Court shall have jurisdiction of all crimes and of all violations of ordinances, regulations and by-laws of any town, city, borough, district or other municipal corporation or authority which are punishable by a fine of not more than five thousand dollars or imprisonment of not more than five years or both. . . ." Repealed by Public Acts 1976, No. 76–436, § 515, effective July 1, 1978.

5. The definitional section of the Federal Firearms Statutes, 18 U.S.C. § 921(20) defines "crime punishable by imprisonment for a term exceeding one year" as excluding:

 ". . . (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices as the Secretary may by regulation designate, or (B) any State offense (other than one involving a firearm or explosive)

The thrust of the defendant's contention is that since the Circuit Court could not have constitutionally sentenced him in excess of one year, *a fortiori* he cannot be deemed to have violated 18 U.S.C. § 922(h)(1). Consequently his motion seeks a dismissal of the federal indictment.

### Discussion of Law

The issue presented appears to be one of first impression in this District. Since the holding of *Szarwak* is the core of the defendant's claim, an examination of the case provides a logical departure point for this inquiry. That case was a habeas petition brought by a prisoner, who had previously plead guilty in the Circuit Court to *inter alia* one count of receiving stolen credit cards in violation of Conn.Gen.Stat. § 53a–128c(e). This crime, a Class D felony, was punishable by a maximum sentence of five years imprisonment and/or a five thousand dollar fine. The petitioner actually received a sentence of not less than eighteen months nor more than three years.

In that case the Connecticut Supreme Court held that the Circuit Court lacked jurisdiction to impose any punishment in excess of a fine of not more than one thousand dollars and/or imprisonment for more than one year. *Szarwak, supra,* at 45, 355 A.2d 49. It found that the extension of jurisdiction contained in Conn.Gen.Stat. § 54–1a violated state constitutional provisions which required the maintenance of an independent multi-tiered judiciary.[6]

*Szarwak* held only that the Circuit Court was without jurisdiction to impose sentences in excess of one thousand dollars and/or imprisonment for more than one year. The opinion did not question the Circuit Court's jurisdiction to decide the petitioner's guilt or innocence on the underlying felony charges. This fact is apparent from an examination of the court's final disposition of the case. The court ordered the petitioner's original sentence vacated and a new sentence imposed which was within the Circuit Court's constitutional jurisdiction. *Id.* at 46, 355 A.2d 49. If the Circuit Court had lacked absolute jurisdiction of the subject matter of the case, the Connecticut Supreme Court would have had no choice but to grant the habeas petition. *See, Wojculewicz v. Cummings,* 143 Conn. 624, 124 A.2d 886 (1956). Thus the *Szarwak* court drew a clear distinction between the constitutionality of the conviction and the constitutionality of the imposed sentence.

This limited holding of *Szarwak* was later given judicial recognition in the case of *State v. Auclair,* 33 Conn.Sup. 704, 368 A.2d 235 (1976), *certification denied* 171 Conn. 747, 364 A.2d 235 (1976). Auclair had been convicted *inter alia* of Burglary in the Third Degree, a Class D felony, and had been sentenced in the Circuit Court to a term of two and one-half to five years in prison. He brought a habeas petition asserting that the holding of *Szarwak* invalidated all prior felony convictions by the Circuit Court. The Superior Court rejected the petitioner's claim and held that the Circuit Court possessed final jurisdiction over the felony charges. *Id.* at 708, 368 A.2d 235. The court reasoned that since conviction and punishment are not synonymous, it necessarily followed that the invalidation of a legislatively authorized sentence did not result in the invalidation of the underlying conviction. *Id.* at 708, 368 A.2d 235. Subsequent Connecticut cases have similarly adopted this restrictive interpretation of *Szarwak. See, State v. Richmond,* 33 Conn. Sup. 767, 371 A.2d 610 (1976); *State v. Pradlick,* 33 Conn.Sup. 785, 372 A.2d 988 (1976). Thus for purposes of Connecticut law, the defendant was validly convicted of a crime punishable by imprisonment for a term in excess of one year. However this is

---

classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

**6.** The court found that the Connecticut Constitution had specifically designated the Superior Court and the Supreme Court as repositories of trial and appellate jurisdiction. Thus the *Szarwak* decision held that the General Assembly could not create lower courts which infringed upon the jurisdiction of these constitutionally recognized courts. *Szarwak,* 167 Conn. at 38, 355 A.2d 49.

not the end of the inquiry, for the issue still remains whether this conviction is valid for purposes of 18 U.S.C. § 922(h)(1).

 The purpose of 18 U.S.C. § 922(h)(1) is to eliminate the supply of firearms available to felons through the channels of interstate and foreign commerce. *United States v. Haddad*, 558 F.2d 968, 973 (9th Cir. 1977). The use of the word "punishable" in the statute evidences an intent by Congress to include within the statute's ambit anyone whose previous conviction exposed him to a possible prison sentence in excess of one year. The actual sentence imposed for the previous conviction has no bearing on the legitimacy of a prosecution under the federal firearms statute. *See, United States v. Glasgow*, 478 F.2d 850, 852 (8th Cir. 1973), *cert. den.* 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973); *United States v. Rosenstengel*, 323 F.Supp. 499 (E.D.Mo.1971). It is the fact of a valid prior felony conviction, that is the essential catalyst for a prosecution·under these statutes. *See United States v. DuShane*, 435 F.2d 187, 188 (2d Cir. 1970); *Dameron v. United States*, 488 F.2d 724, 727 (5th Cir. 1974).

In interpreting the provisions of 18 U.S.C. § 922(h)(1), the Court must attempt to effectuate the underlying purpose of the federal firearm statutes. An illustration of this principle is found in the case of *United States v. McDowell*, 328 F.Supp. 606 (W.D. Pa.1971). In *McDowell*, the defendants were convicted felons who obtained firearms in violation of 18 U.S.C. § 922(a)(6) [7] by falsifying their criminal records on required purchase forms. Their sole defense to the federal charge was a claim that their prior felony convictions were invalid due to an alleged failure, at time of conviction, to inform them of their right of appeal. *Id.* at

608. The court accepted *arguendo* the truth of this allegation but still found the defendants guilty. The court stated that such a

" . . . technical flaw sufficing to upset the [previous] conviction without regard to guilt or innocence would not affect the undesirability *vel non* of the defendant as a gun owner." *Id.* at 610.

The defendant makes no claim that his constitutional rights were violated in the Circuit Court proceeding. *Compare, United States v. DuShane*, 435 F.2d 187 (2d Cir. 1970) (lack of counsel at prior proceeding); *United States v. Lufman*, 457 F.2d 165 (7th Cir. 1972) (lack of counsel). Thus the underlying rationale of *McDowell* is equally applicable in this instance.

The defendant finally maintains that the very fact that he was prosecuted in the Circuit Court suggests that his crime was deemed to be insignificant. In support of this contention he seizes the language in *Szarwak* which suggests that the function of·courts such as the former Circuit Court is to screen,

" . . . small causes from the court of general jurisdiction thereby preventing its [courts of general jurisdiction] dockets from becoming clogged with numerous proceedings of comparatively little importance . . . ." *Szarwak, supra,* 167 Conn. at 38, 355 A.2d at 62, *quoting Osborn v. Zoning Board*, 11 Conn.Sup. 489, 526–27 (1943).

The weakness in this argument is that it is the product of hindsight. At the time of his conviction for Breaking and Entering with Criminal Intent, the Circuit Court was empowered to sentence the defendant up to the four-year statutory maximum. Thus the fact that the charges were brought in the Circuit Court in no way suggests that

---

**7.** 18 U.S.C. § 922(a)(6) states in pertinent part that:

"(a) It shall be unlawful—

. . . . .

"(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make

any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm *or ammunition* under the provisions of this chapter."

the defendant's criminal conduct was deemed insignificant.

It is undisputed that the defendant was validly convicted in the former State Circuit Court for actions which constituted a crime punishable by imprisonment for a term in excess of one year. *See, United States v. Glasgow, supra,* at 852. The fact that in retrospect the defendant could not have been sentenced in excess of one year because of the court's limited sentencing jurisdiction is not determinative. The statutory focus of 18 U.S.C. § 922(h)(1) is upon the existence of a prior valid felony conviction and not the vagaries of the sentence actually imposed.

Accordingly, the defendant's Motion to Dismiss is denied. SO ORDERED.