**UNITED STATES of America,**
**Appellant,**

v.

**Oscar D. BUSTAMANTE, Defendant,**
**Appellee.**

No. 82–1373.

United States Court of Appeals,
First Circuit.

Argued Dec. 9, 1982.
Decided April 25, 1983.

Robert D. Krause, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Almond, U.S. Atty., and James E. O'Neil, Asst. U.S. Atty., Providence, R.I., were on brief, for appellant.

**14**

John H. Ruginski, Jr., Providence, R.I., for defendant, appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

The federal government appeals the dismissal of an indictment brought against Oscar Bustamante in Providence, Rhode Island. Bustamante was charged with violating 18 U.S.C. § 922(h)(1), which makes it unlawful for any person

> who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Bustamante moved to dismiss the federal indictment on the ground that he had not previously been "convicted" of a serious crime. He admits that in 1979 he pleaded *nolo contendere* to a Rhode Island charge of assault with a dangerous weapon, an offense punishable by more than a year's imprisonment, and that the Rhode Island court placed him on probation. But, in Bustamante's view, this event did not amount to a "convict[ion]" within the meaning of § 922(h)(1). A Rhode Island state court held as much, for the purposes of a Rhode Island gun control statute paralleling § 922(h)(1), when it dismissed a state charge against Bustamante virtually identical to the current federal charge. *See State v. Bustamante,* No. 81–2510 (R.I.Super.Ct. Mar. 17, 1982), *construing* R.I.Gen. Laws § 11–47–5. The federal district court accepted Bustamante's argument and dismissed the indictment.

After oral argument here, the Supreme Court decided *Dickerson v. New Banner Institute, Inc.,* —— U.S. ——, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). The parties then provided us with the Supreme Court briefs in the *Dickerson* case and with some additional argument. We conclude that *Dickerson* controls and requires reversal. In *Dickerson,* the Supreme Court held that a person who pleads guilty to a state offense punishable by more than a year's imprisonment and who is sentenced to probation has been "convicted" within the meaning of § 922(h)(1) even if state law expunges his record upon the successful completion of probation. The Court began with the proposition that "[w]hether one has been 'convicted' within the meaning of the [federal] gun control statutes is necessarily ... a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the state." —— U.S. at ——, 103 S.Ct. at 990. The Court ruled that it was immaterial that the state court did not make a written finding of "guilty" (presumably because the state court was waiting to see if the defendant would complete probation successfully). The Supreme Court wrote that "one cannot be placed on probation if the court does not deem him guilty of a crime." *Id.* at ——, 103 S.Ct. at 992. The Court agreed that the state "expunging" statute might nullify totally defendant's conviction for the purposes of the state's own gun control law. *Id.* at —— n. 9, 103 S.Ct. at 992 n. 9. That fact made no difference, however, in light of the strong federal interest in uniform criminal laws and the typical failure of "expunging" statutes to "focus" on "whether the convicted person is fit ... to possess a firearm." *Id.* at ——, 103 S.Ct. at 994.

We can find no meaningful distinction between this case and *Dickerson.* Bustamante's strongest argument—the fact that Rhode Island itself does not consider him to have been previously "convicted" for purposes of Rhode Island's own gun control statute—was explicitly considered and rejected by the *Dickerson* Court. *Id.* at —— n. 9, 103 S.Ct. at 992 n. 9. The reasoning of the Justices suggests that prior "nolo" pleas should be treated like prior "guilty" pleas; indeed, even the dissenters, in defining relevant federal law, noted that some federal statutes explicitly bring the "nolo" plea within the scope of the word "convicted." *Id.* at ——, 103 S.Ct. at 996. This similar treatment would seem to extend to a nolo plea followed by probation, for, as the

Court stated, "one cannot be placed on probation if the court does not deem him guilty of a crime"—in this case a crime punishable by more than one year's imprisonment. *Id.* at ——, 103 S.Ct. at 990; *accord Johnson v. Mullen,* 390 A.2d 909, 912 (R.I.1978) (quoting R.I.Super.Ct.R.Crim.P. 11); *cf. Lott v. United States,* 367 U.S. 421, 426–27, 81 S.Ct. 1563, 1566–67, 6 L.Ed.2d 940 (1961) (imposition of sentence following plea of *nolo* constitutes "determination of guilt" under prior Fed.R.Crim.P. 34).

In sum, given the reasoning of *Dickerson,* we cannot draw a meaningful line between: 1) a guilty plea followed by probation and later expunged (*Dickerson*); and 2) a nolo plea followed by probation (*Bustamante*). We therefore hold that Bustamante has been "convicted" for purposes of § 922(h)(1). And, the decision of the district court is

*Reversed.*