**UNITED STATES of America**

v.

**Ramon A. Martinez TORRES.**

**Crim. No. 85–99(PG).**

United States District Court,
D. Puerto Rico.

Aug. 15, 1985.

Charles E. Fitzwilliam, for the U.S., San Juan, P.R.

**500**

Harry Anduze-Montaño, Santurce, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Present before us is a motion to dismiss the indictment.

Defendant herein has been charged with a violation to 18 U.S.C. § 922(h)(1), which provides:

(h) It shall be unlawful for any person (1) who is under indictment for or who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Defendant was convicted and sentenced in the Superior Court of Puerto Rico, Ponce Part, in criminal case No. G. 80–49, *El Pueblo de Puerto Rico v. Ramón A. Martínez,* for violation of the narcotics law of the Commonwealth of Puerto Rico.[1] This conviction has been appealed to the Supreme Court of the Commonwealth of Puerto Rico. Defendant avers that since his conviction has been appealed said predicate conviction is not a final conviction. Reference is made to the Rules of Criminal Procedure of Puerto Rico (Rule 197(a)) and to jurisprudence from the Puerto Rico Supreme Court.[2]

Defendant contends that the language of the statute is vague and alleges that Congress has been more explicit in other statutes in defining the word conviction.

Based on his contentions defendant avers that the statute should not be interpreted as including convictions pending appeal.

There is no question that 18 U.S.C. § 922(h)(1), the statute under which defend-

ant has been charged, is applicable to Puerto Rico. 18 U.S.C. § 921 provides:

(a) As used in this chapter

... The term "State" includes the District of Columbia, *the Commonwealth of Puerto Rico,* and the possessions of the United States (not including the Canal Zone). (emphasis ours)

We must now determine whether the fact that an appealed conviction is not a final conviction under the laws of Puerto Rico is determinative for the applicability of the statute. We find that it is not.

■ The Supreme Court of the United States has held that whether one has been "convicted" within the language of the gun control statute is necessarily a question of federal and not state law. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 111, 103 S.Ct. 986, 991, 74 L.Ed.2d 845 (1983); *United States v. Bustamante,* 706 F.2d 13, 14 (1st Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 175, 78 L.Ed.2d 157 (1983). Furthermore, this is so despite the fact that the predicate offense and its punishment are defined by the law of the state. *Ibid.*

State courts have determined that the only purpose in looking to state law is to determine the maximum penalty which could have been imposed. *McMullen v. United State,* 349 F.Supp. 1348, 1351 (D.Cal.1972), *aff'd.,* 504 F.2d 1108 (9th Cir. 1974).

In the instant case defendant's conviction was for a crime punishable by imprisonment for a term exceeding one year. It has been held that once it is determined that the maximum penalty exceeds one year the investigation into state law is exhausted. *United States v. Place,* 561 F.2d 213, 215 (10th Cir.), *cert. denied,* 434 U.S. 1000, 98 S.Ct. 643, 54 L.Ed.2d 496 (1977).

---

**1.** This is a crime punishable by imprisonment for a term exceeding one year.

**2.** Rule 197(a) of the Rules of Criminal Procedure of Puerto Rico provides in pertinent part:

(a) ... *An appeal to the Supreme Court from a judgment of conviction,* or the filing of a peti-

tion for certiorari before said Court, *shall stay the execution of the judgment.* (emphasis added)

On this point defendant cites *Arana Rodríguez v. Superior Court,* 92 P.R.R. 140 (1965); and *People v. Matos Rodríguez,* 91 P.R.R. 616 (1965).

■ The defendant's contentions herein must be examined in the light of the fact that a final conviction need not be required since 18 U.S.C. § 922(h)(1) applies not only to a person convicted of a disqualifying offense but also to one who is merely under indictment. *Dickerson v. New Banner Institute, Inc., supra,* 460 U.S. at 115, 103 S.Ct. at 993; *United States v. Rosenstengel,* 323 F.Supp. 499, 501 (D.Mo.1971).

■ An indictment has a more limited legal effect than an appeal from a conviction for the indictment simply reflects the deliberations of grand jurors as to probable cause. An indictment charges the defendant with action or failure to act contrary to the laws' command [but] does not mean that those charged therein are guilty of the offense. *Tot v. United States,* 319 U.S. 463, 466, 63 S.Ct. 1241, 1244, 87 L.Ed. 1519 (1943). Unlike a conviction the indicted offense remains unproved at least through trial.

If under the statute an indicted person is subject to the disability, how can we say that a convicted felon, whose appeal is pending, is not? For one thing, in both situations a possible result is the eventual indication of the defendant with respect to firearms. Nevertheless it would indeed be a strange construction of the statute which would impose its sanctions to those under indictment and not yet tried and not to include within its prohibition those convicted of a crime but whose conviction has been appealed. Such construction would be untenable. Since the fact of mere indictment is a disabling circumstance, *United States v. Samson,* 533 F.2d 721, 722 (1st Cir.), *cert. denied,* 429 U.S. 845, 97 S.Ct. 126, 50 L.Ed.2d 116 (1976), we are not persuaded by defendant's contentions.

There is no ambiguity in the words of 18 U.S.C. § 922, and there is no justification in indulging in an uneasy construction of this statute. *Barrett v. United States,* 423 U.S. 212, 217, 96 S.Ct. 498, 501, 46 L.Ed.2d 450 (1975).

Defendant's allegations must also be examined in the light of the purposes of the Act, *United States v. Rivera,* 467 F.Supp.

37, 40 (D.Conn.1979), whose language clearly shows that Congress intended to restrain the disposition of firearms to those *reasonably believed* to have been involved in felonious activity (emphasis ours). *United States v. Allen,* 556 F.2d 720, 722, 724 (4th Cir.1977). The purpose is a broad one as it tries to keep firearms from the persons classified as potentially irresponsible and dangerous. *Barrett v. United States, supra,* 423 U.S. at 218, 96 S.Ct. at 502; *United States v. Bergeman,* 592 F.2d 533, 536 (9th Cir.1979).

Accordingly, it has been held that a convicted felon is within the proscription of firearms until that prior conviction is overturned. *United States v. Liles,* 432 F.2d 18, 21 (9th Cir.1970); *United States v. Brzoticky,* 588 F.2d 773, 775 (10th Cir. 1978).

■ Congress could rationally conclude that any felony conviction or even an allegedly invalid one is a sufficient basis on which to prohibit the possession of a firearm. *Lewis v. United States,* 445 U.S. 55, 66, 100 S.Ct. 915, 921, 63 L.Ed.2d 198 (1980).

■ Defendant has concretely alleged in his motion that the inclusion of persons under indictment in the statute violates the presumption of innocence. This argument has been well disposed of by the courts. To a similar challenge it has been held that:

> It was eminently reasonable for Congress to conclude that the indictment of an individual for a crime punishable by imprisonment for a term exceeding one year is so often indicative of a propensity for violence that the indictment classification of 18 U.S.C. § 922(h)(1) was justified in the public interest. *United States v. Craven,* 478 F.2d 1329, 1339 (6th Cir.), *cert. denied,* 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 491 (1973).

To the more specific allegation that the introduction of an indictment of an unproved offense is prejudicial from the presumption of innocence the court went on and ruled:

... as applied to [the defendant] it represents nothing more than a Congressional determination that one who is under indictment for crimes ... ought not to transport [receive] firearms in interstate commerce unless and until the indictment is dismissed or an acquittal is obtained. *United States v. Craven, supra,* at 1340.

The Supreme Court has held that federal gun laws focus not on *reliability.*

Enforcement of that essentially civil disability through a criminal sanction does not support guilt or enhance punishment on the basis of a conviction that is unreliable when one considers Congress broad purpose. *Lewis v. United States, supra,* 445 U.S. at 67, 100 S.Ct. at 922.

Finally, we must point that there is a recognized need for the uniformity of application of criminal laws which cannot be left subject to varying state laws, procedure and definitions of conviction. *Dickerson v. New Banner Institute, Inc., supra,* 460 U.S. at 112, 103 S.Ct. at 991.

WHEREFORE, in view of the foregoing, the motion to dismiss the indictment is hereby DENIED.

IT IS SO ORDERED.