**UNITED STATES of America, Appellee,**

v.

**Rafael Antonio CUEVAS, Defendant, Appellant.**

No. 95–1730.

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1996.

Decided Feb. 7, 1996.

Louis B. Abilheira, Warren, RI, for appellant.

Margaret E. Curran, Assistant United States Attorney, Providence, RI, with whom Sheldon Whitehouse, United States Attorney, and Edwin J. Gale, Assistant United States Attorney, were on brief, for the United States.

Before TORRUELLA, Chief Judge, ROSENN, Senior Circuit Judge,* and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

Before he was convicted for being illegally present in the United States in violation of 8 U.S.C. § 1326, Rafael Antonio Cuevas, a citizen of the Dominican Republic, had three separate encounters with the Rhode Island criminal justice system. The primary question in this sentencing appeal is whether the disposition of at least one of Cuevas' state offenses was a "conviction" for an "aggravated felony" under the prior offense enhancement of U.S.S.G. § 2L1.2(b)(2) (Nov.1994). Cuevas says that the enhancement does not apply to him, arguing that one of the offenses

was not a "conviction" under state law, and that the others were not "aggravated felonies." We hold otherwise, on the grounds that the definition of "conviction" is a matter of federal, not state, law and that Cuevas' reading of the term "aggravated felony" is foreclosed by a recent decision of this court. Cuevas falls within the group as to whom Congress and the Sentencing Commission intended longer prison terms—illegal aliens previously deported after aggravated felony convictions—and so we affirm his sentence.

### Facts

Each of the three times that Cuevas faced charges under the criminal law in Rhode Island, he submitted a plea of *nolo contendere*, his plea was accepted, he was judged guilty of the crime charged, and he was sentenced. In 1983 he received three years probation for breaking and entering into a building in the nighttime with intent to commit larceny; in 1984 he was sentenced to a year in prison plus probation for possession of cocaine; and in 1986 he was sentenced to two years probation for possession of cocaine.

Cuevas was deported in 1989. He returned illegally in 1990, then was arrested again in 1994 on another Rhode Island charge of cocaine possession. Once again, he pleaded *nolo* and was sentenced to probation. While serving that term of probation, he was found in the United States by federal authorities. He was subsequently indicted in federal court on a charge of having been found in the United States without obtaining the consent of the Attorney General, in violation of 8 U.S.C. § 1326. He pleaded guilty and was sentenced to fifty-seven months in prison under U.S.S.G. § 2L1.2. His appeal raises two challenges to his sentence.

### The "Aggravated Felony" Enhancement

As in many sentencing appeals, the consequences of this appeal to the defendant are not negligible. The district court imposed a sentence of fifty-seven months.[1] Cuevas

---

* Of the Third Circuit, sitting by designation.

1. Section 2L1.2 of the Guidelines, which governs defendant's offense of conviction, sets a base offense level of 8. The district court then added sixteen levels under subsection (b)(2) and sub-

tracted three levels for acceptance of responsibility under § 3E1.1, producing a total offense level of 21. Charted against a criminal history category of IV, that offense level yielded a sentencing

says that he should serve no more than twenty-one months.[2] He argues that the 16–level enhancement he received under § 2L1.2(b)(2) of the Guidelines[3] for having previously been "deported after a conviction for an aggravated felony" cannot stand, because neither of the two cocaine possession offenses he committed prior to his deportation was a "conviction for an aggravated felony."[4] He contends that his first violation was not itself an "aggravated felony," and that the disposition of his second drug offense, to which he pleaded *nolo* and for which he received a sentence of probation, was not a "conviction" under Rhode Island law. We reject both prongs of Cuevas' challenge.

### A. Whether the 1986 Disposition Was a "Conviction"

 Cuevas assumes that whether the disposition in 1986 of his second cocaine possession offense is to be considered a "conviction" for purposes of the Guidelines is a matter of Rhode Island law. He posits that he was not "convicted" of that offense under Rhode Island law and so it cannot be a conviction for purposes of Guidelines § 2L1.2.[5] This assumption is unfounded. In this Circuit and others, courts have consistently held that whether a particular disposition counts as a "conviction" in the context of a federal statute is a matter of federal determination.[6] Under applicable federal standards, Cuevas was clearly "convicted" with respect to his 1986 cocaine possession offense. As that offense was an "aggravated felony," his 1989 deportation was "after a conviction" for at least one aggravated felony, and the enhancement of § 2L1.2(b)(2) was properly applied.

In *Molina v. INS*, 981 F.2d 14 (1st Cir. 1992), this court addressed the meaning of a statute limiting the availability of amnesty from deportation to illegal aliens who have "not been convicted of any felony" while in the United States. 8 U.S.C. § 1255a(a)(4)(B). The petitioner in that case, an illegal alien, admitted that he had twice pleaded *nolo contendere* and been sentenced to probation on felony drug charges under

---

range of 57–71 months; the district court imposed sentence at the bottom of the range.

**2.** While Cuevas asserts that § 2L1.2(b)(2) does not apply to him, he concedes that his BOL of 8 was subject at least to a 4–level increase under § 2L1.2(b)(1). Subtracting two levels for acceptance of responsibility under § 3E1.1(a), he would calculate his total offense level to be 10, corresponding to a sentencing range of 15–21 months, given a criminal history category of IV.

**3.** Under that guideline, defendants convicted under 8 U.S.C. § 1326 who previously have been "deported after a conviction for an aggravated felony" are subject to a substantial increase in their sentences:

If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels.

U.S.S.G. § 2L1.2(b)(2) (Nov.1994). Application note 7 to § 2L1.2 provides in relevant part:

"Aggravated felony," as used in subsection (b)(2), means ... any illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802), including any drug trafficking crime as defined in 18 U.S.C. § 924(c)(2); ... or any attempt or conspiracy to commit any such act. The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law. ...

U.S.S.G. § 2L1.2, comment. (n. 7) (Nov.1994).

**4.** Defendant also asserts that his 1983 offense of breaking and entering cannot be characterized as

---

an "aggravated felony." As the government does not contest this point, we treat it as conceded.

**5.** He relies on R.I.Gen.Laws § 12–18–3(a) (1994), which provides:

Whenever any person shall be arraigned before the district court or superior court, and shall plead nolo contendere, and the court places the person on probation ..., then upon the completion of the probationary period, and absent a violation of the terms of the probation, the plea and probation shall not constitute a conviction for any purpose. Evidence of a plea of nolo contendere followed by a period of probation, completed without violation of the terms of said probation, may not be introduced in any court proceeding, except that records may be furnished to a sentencing court following the conviction of an individual for a crime committed subsequent to the successful completion of probation on the prior offense.

**6.** The particular guideline at issue here, § 2L1.2, implements a statutory penalty enhancement found within the immigration laws. *See* 8 U.S.C. § 1326(b); *United States v. Restrepo–Aguilar*, 74 F.3d 361, 363 n. 2 (1st Cir.1996). Thus, our understanding of the term "conviction" is informed both by the law governing immigration offenses as well as the law under the Guidelines governing the federal sentencing of those offenses.

Rhode Island law. Citing the same provision of Rhode Island law upon which Cuevas relies here, *see* R.I.Gen.Laws § 12–18–3, the petitioner argued that a *nolo* plea to a drug charge followed by a sentence of straight probation was not treated as a "conviction" under state law and, therefore, should not be considered so for purposes of federal law. *Molina*, 981 F.2d at 19. For the court, Judge (now Justice) Breyer rejected this argument. The court specifically held that the term "conviction" is a matter of federal, not state, definition. *Molina*, 981 F.2d at 19–20; *see also White v. INS*, 17 F.3d 475, 479 (1st Cir.1994) ("As we have held before, federal law defines the term 'conviction' as it is used in the immigration context." (citing *Molina*, 981 F.2d at 19)). The court noted that this Circuit, forty years earlier, had held that "the meaning of the word 'convicted' in the federal immigration law is a federal question." *Id.* at 19–20 (quoting *Pino v. Nicolls*, 215 F.2d 237, 243 (1st Cir.1954) (Magruder, J.) (internal quotation marks omitted), *rev'd on other grounds*, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (per curiam)).[7]

We follow *Molina* and *Pino* and hold that the meaning of the word "conviction" in § 2L1.2(b)(2) of the Sentencing Guidelines, which implements 8 U.S.C. § 1326(b), a provision found within the immigration laws, is to be determined in accordance with federal law. *See also White*, 17 F.3d at 479; *Chong v. INS*, 890 F.2d 284 (11th Cir.1989) (per curiam); *accord Wilson v. INS*, 43 F.3d 211, 215 (5th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 116 S.Ct. 59, 133 L.Ed.2d 23 (1995); *Ruis–Rubio v. INS*, 380 F.2d 29 (9th Cir.) (per curiam), *cert. denied*, 389 U.S. 944, 88 S.Ct. 302, 19 L.Ed.2d 302 (1967).

■ Support for this conclusion comes from outside the context of immigration statutes as well. For example, the Seventh Circuit has recently held, in applying the penalty enhancement provisions of the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(B), that a plea of guilty to a state felony offense followed by a sentence of probation[8] constitutes a "prior conviction," even though that disposition would not be so deemed under the law of the convicting state. *See United States v. McAllister*, 29 F.3d 1180, 1184 (7th Cir.1994).[9] Similarly, in 1983 this court held that a defendant who had entered a *nolo contendere* plea and was sentenced to probation under Rhode Island law had been "convicted" of a crime for purposes of the federal felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(h)(1), even though the event did not amount to a "conviction" under state law. *United States v. Bustamante*, 706 F.2d 13, 14–15 (1st Cir.) (Breyer, J.), *cert. denied*, 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983).

The decisions in *Bustamante* and, to a lesser degree, in *McAllister* both were based in part on the Supreme Court's decision in *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). In *Dickerson*, a defendant who had pleaded guilty to a state offense, served a term of probation, and received an expungement of his record argued that he had not been "convicted" of that offense. The Court did not agree. Observing that a defendant "cannot be placed on probation if the court does not deem him to be guilty of a crime,"

---

7. The Supreme Court in its *Pino* decision expressed no disagreement with Judge Magruder's statement that the meaning of "conviction" is a federal question, but found that the conviction at issue had not attained "finality." *See Pino*, 349 U.S. at 901; *Wilson v. INS*, 43 F.3d 211, 215 (5th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 116 S.Ct. 59, 133 L.Ed.2d 23 (1995); *Molina*, 981 F.2d at 20.

8. For purposes of determining whether a state disposition is a "conviction" as a matter of federal law, there is no meaningful distinction between a plea of guilty followed by probation and a plea of *nolo contendere* followed by probation.

*United States v. Bustamante*, 706 F.2d 13, 15 (1st Cir.), *cert. denied*, 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983); *cf. Sokoloff v. Saxbe*, 501 F.2d 571, 574–75 (2d Cir.1974) (stating principle in context of 21 U.S.C. § 824(a)(2) license revocation case).

9. Other Circuits are in agreement with *McAllister* that federal law governs the meaning of "conviction" in the federal drug laws. *See United States v. Mejias*, 47 F.3d 401, 403–04 (11th Cir.1995) (plea of *nolo* in state court, even with adjudication withheld, is conviction for federal purposes); *United States v. Meraz*, 998 F.2d 182, 183 (3d Cir.1993); *United States v. Campbell*, 980 F.2d 245, 250 n. 6 (4th Cir.1992), *cert. denied*, 508

*id.* at 113–14, 103 S.Ct. at 992, the Court held that the meaning of "conviction" for purposes of the federal gun control statutes is a federal matter:

> Whether one has been "convicted within the language of [a federal] statute[ ] is necessarily ... a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State.

*Id.* at 111–12, 103 S.Ct. at 991.

It is true, of course, that the particular outcome reached in *Dickerson* under the federal gun control laws was effectively abrogated by Congress in May 1986, when it amended 18 U.S.C. § 921(a)(20) to read as it currently does. That congressional action, however, reflects not a disagreement with the Court's reasoning, but merely that Congress determined that its legislative objectives would be better served by defining "conviction" by reference to state law. *See McAllister*, 29 F.3d at 1184–85 ("[W]hile interpreting federal statutes is a question of federal law, Congress can make the meaning of a statute dependent on state law."). The decisions in *Dickerson* and *Bustamante* still stand for the proposition that, absent legislative indication to the contrary, the meaning of "conviction" for purposes of a federal statutory scheme is to be determined under prevailing federal law. *See Yanez–Popp v. INS*, 998 F.2d 231, 236 (4th Cir.1993) ("[*Dickerson* ] still stands for the general proposition that federal law governs the application of Congressional statutes in the absence of a plain language to the contrary."); *cf. McAllister*, 29 F.3d at 1185 (treating *Dickerson* as still authoritative, outside context of gun laws, for principle that guilty plea plus probation equals conviction under federal law). Congress' decision to overrule the particular result reached in *Dickerson* simply reflects a deliberate choice to define "conviction" as used in a federal gun statute by reference to state law.

Congress has not made the same choice with respect to the immigration laws. *See*

*Wilson*, 43 F.3d at 215; *Yanez–Popp*, 998 F.2d at 235; *see also Molina*, 981 F.2d at 22 ("Of course, federal gun control law is not federal immigration law."). Since the May 1986 enactment of the statutory amendment to the gun control laws that effectively abrogated *Dickerson*, the courts—including this one, *see White*, 17 F.3d at 479; *Molina*, 981 F.2d at 19—have continued to define "conviction" according to uniform federal standards for purposes of the laws governing immigration offenses. If Congress had disapproved of these cases, it surely could have amended the immigration laws in the same fashion it did the firearms statute. That Congress has chosen not to do so reinforces our conclusion that "conviction" in the context of the laws governing immigration offenses, including federal sentencing for those offenses, remains a matter of federal definition.

The disposition of Cuevas' 1986 state cocaine possession offense clearly falls within the scope of the term "conviction," federally understood. This is true both as a matter of Guidelines interpretation and, more broadly, under the law governing immigration offenses. Although the particular guideline at issue here (§ 2L1.2) does not define "conviction," the guideline that contains the general instructions for assessing a defendant's criminal history does provide clear guidance. *See* U.S.S.G. § 4A1.2. That guideline specifically provides that the phrase " '[c]onvicted of an offense' ... means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere.*" U.S.S.G. § 4A1.2(a)(4) (Nov.1994).[10]

Relying in part on § 4A1.2, this court held in *United States v. Pierce*, 60 F.3d 886 (1st Cir.1995), *petition for cert. filed* (Oct. 19, 1995) (No. 95–6474), that a prior state "conviction" is established for Guidelines purposes by "a guilt-establishing event (such as a plea where a defendant states that he does not wish to contest the charges)." *Id.* at 892 (plea of *nolo,* even if followed by a withheld adjudication, constitutes a "conviction" for

---

U.S. 952, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993).

**10.** Although the direct applicability of this definition is limited to the "purposes of [§ 4A1.2]" itself, the *purposes* underlying the Guidelines' criminal history computation provisions are the

same as the purpose behind the prior offense enhancement contained in § 2L1.2(b)(2)—*i.e.,* to provide increased sentences for defendants who have demonstrated recidivist tendencies. The guidance given in § 4A1.2 is instructive, if not dispositive.

federal sentencing purposes); *see also United States v. Jones,* 910 F.2d 760, 761 (11th Cir.1990) (per curiam) (same). Here, there is no dispute that whether or not Cuevas' second cocaine offense could be considered a "conviction" under Rhode Island law, he was indeed adjudged guilty of that crime following his *nolo* plea and was sentenced to probation based on that plea. *Cf. Dickerson,* 460 U.S. at 113–14, 103 S.Ct. at 992 ("[O]ne cannot be placed on probation if the court does not deem him to be guilty of a crime."). It seems clear under the Guidelines, then, that Cuevas was "convicted" of the 1986 cocaine offense.

■ Furthermore, even outside the specific context of the Guidelines, the law is plain that a state's acceptance of a defendant's plea of *nolo contendere* on a drug charge followed by imposition of a probationary sentence counts as a "conviction" for purposes of the statutes relating to immigration offenses. *White,* 17 F.3d at 479;[11] *Molina,* 981 F.2d at 18; *Ruis–Rubio,* 380 F.2d at 29–30. We conclude that Cuevas was "convicted" in 1986 of his second cocaine offense, both within the meaning of the Guidelines and within the broader context of the laws governing immigration offenses.

■ Once the disposition of Cuevas' second cocaine offense is recognized to be a conviction, it clearly constitutes an "aggravated felony" under U.S.S.G. § 2L1.2(b)(2). An "aggravated felony" includes any "drug trafficking crime" within the meaning of 18 U.S.C. § 924(c)(2). U.S.S.G. § 2L1.2, com-

ment. (n. 7). A "drug trafficking crime" in turn encompasses, *inter alia,* any offense that is both (1) a felony and (2) punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*). *See* 18 U.S.C. § 924(c)(2); *United States v. Restrepo–Aguilar,* 74 F.3d 361, 365 (1st Cir.1996); *United States v. Forbes,* 16 F.3d 1294, 1301 (1st Cir.1994). Here, the defendant's second offense of simple possession of cocaine undoubtedly qualifies as a felony in the requisite sense. *Forbes,* 16 F.3d at 1301 (explaining that a second drug possession offense is punishable as a felony under federal law).[12] And cocaine possession is, of course, punishable under the Controlled Substances Act. *See* 21 U.S.C. § 844(a). Thus, the offense falls within the definition of "drug trafficking crime" under 18 U.S.C. § 924(c)(2), and is an "aggravated felony" within the meaning of U.S.S.G. § 2L1.2(b)(2) and application note 7. The district court, therefore, properly increased the defendant's base offense level by 16 levels.

## B. Whether the 1984 Offense Was a "Felony"

■ Even were one to assume that the disposition of Cuevas' 1986 cocaine offense was not a "conviction," his challenge to the application of § 2L1.2(b)(2) would fail, because his 1984 conviction for cocaine possession was itself for an "aggravated felony." As to his 1984 cocaine offense, Cuevas does not dispute that he was "convicted." Rather, he argues that, while the offense was a felony under Rhode Island law, it would have been

---

11. In *White,* we said that a disposition meets the federal definition of "conviction" for purposes of the laws governing immigration offenses if:
 (1) a judge or jury has found the alien guilty or he [or she] has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty;
 (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed . . . ; and
 (3) a judgment of adjudication of guilt may be entered if the person violates the terms of his [or her] probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge.

 *White,* 17 F.3d at 479 (quoting *Matter of Ozkok,* Interim Decision 3044, 19 I. & N. Dec. 546, 551–

52 (B.I.A.1988)); *see also Wilson,* 43 F.3d at 213–14 (adopting *Ozkok*); *Molina,* 981 F.2d at 18 (quoting *Ozkok*). All of these factors are satisfied by the disposition of Cuevas' 1986 cocaine possession offense.

12. The possession offense, which was punishable under Rhode Island law by a maximum of three years imprisonment, *see* R.I.Gen.Laws § 21–28–4.01(C)(1)(a), is also a felony under state law, *see* R.I.Gen.Laws § 11–1–2 (defining "felony" as an offense punishable by a term of imprisonment exceeding one year). Thus, regardless whether the offense would have been punishable as a felony under federal law, the offense qualifies as a felony for purposes of the definition of "drug trafficking crime." *See Restrepo–Aguilar,* 74 F.3d at 366.

punishable only as a misdemeanor if prosecuted under federal law, and therefore could not be a "felony," nor a "drug trafficking crime," nor an "aggravated felony" for purposes of § 2L1.2(b)(2). We recently rejected precisely this argument, however, in *United States v. Restrepo–Aguilar*, 74 F.3d 361 (1st Cir.1996). Thus, even apart from Cuevas' 1986 cocaine possession offense, the district court properly enhanced defendant's sentence by 16 levels in view of his 1984 offense, which was itself an "aggravated felony" under § 2L1.2(b)(2).

*Criminal History Category Computation*

■ Cuevas argues that the district court erroneously added two points to his Guidelines criminal history computation based on a finding that defendant had committed his federal offense of conviction while under a sentence of probation imposed by the Rhode Island state court for a 1994 state drug offense. *See* U.S.S.G. § 4A1.1(d) (Nov.1994) ("Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation...."). Defendant contends that because he illegally reentered the United States in 1990, he could not have committed that offense while under his 1994 state probationary sentence. This argument has no more than superficial appeal.

The unambiguous terms of the statute under which Cuevas was convicted establish that a deported alien who illegally reenters and remains in the United States can violate the statute at three different points in time: when he "enters," "attempts to enter," or when he "is at any time found in" this country. 8 U.S.C. § 1326(a). As was said in *United States v. Rodriguez*, 26 F.3d 4 (1st Cir.1994), "we think it plain that 'enters,' 'attempts to enter' and 'is at any time found in' describe three distinct occasions on which a deported alien can violate Section 1326." *Id.* at 8.

Cuevas was indicted specifically for the offense of being "found" in the United States in violation of § 1326(a). That was the charge to which he pleaded guilty. Thus, even though defendant illegally reentered the United States in 1990, he committed his

§ 1326(a) offense in 1995, when he was "found." *Rodriguez*, 26 F.3d at 8. He was unquestionably serving a criminal probationary sentence for his 1994 state drug conviction at that time. There was no error in the district court's application of U.S.S.G. § 4A1.1(d).

*Affirmed.*