# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

Lyle W. Cayce
Clerk

No. 09-50823
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

NOE CRUZ FERNANDEZ-SANCHEZ, also known as Jesus Alfredo Fernandez, also known as Noe Cruz-Fernandez, also known as Noe Sanchez-Fernandez,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-88-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Noe Cruz Fernandez-Sanchez appeals from his conviction of illegal reentry. He contends that the district court erred by adjusting his offense level pursuant to section 2L1.2(b)(1)(A) of the Sentencing Guidelines based on his state court deferred adjudication of aggravated assault on a peace officer with a deadly weapon. He argues that it was improper to use the deferred adjudication because he pleaded nolo contendere and thus was not determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to be guilty. He further contends that the use of his deferred adjudication constituted a bill of attainder. Fernandez-Sanchez did not raise his contentions in the district court; our review thus is for plain error. *Puckett v. United States,* 129 S. Ct. 1423, 1428 (2009).

The state court magistrate who took Fernandez-Sanchez's nolo contendere plea determined that the evidence was sufficient to establish his guilt. His nolo contendere plea was the equivalent of a guilty plea. *See* TEX. CODE CRIM. P. ANN. arts. 27.02(5), 42.12 § 5(a); *United States v. Cuevas,* 75 F.3d 778, 781 n.8 (5th Cir. 1996). The district court did not err by using the deferred adjudication to adjust Fernandez-Sanchez's offense level. *See United States v. Valdez-Valdez,* 143 F.3d 196, 198-201 (5th Cir. 1998).

A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of Gen. Servs.*, 433 U.S. 425, 468 (1977); *see also Communist Party of the United States v. Subversive Activs. Control Bd.*, 367 U.S. 1, 86 (1961) ("The singling out of an individual for legislatively prescribed punishment constitutes an attainder whether the individual is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons.").

The use of deferred adjudications to adjust an offense level pursuant to section 2L1.2 does not single out Fernandez-Sanchez for a determination of guilt and the imposition of punishment. *See Nixon,* 433 U.S. at 468.

Fernandez-Sanchez has failed to demonstrate error, plain or otherwise. AFFIRMED.