Beatrice **WHITE**, Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE**,
Respondent.

Nos. 93–1043, 93–1348.

United States Court of Appeals,
First Circuit.

Heard Sept. 9, 1993.

Decided March 3, 1994.

---

Gerald D. Wall with whom Victoria Lewis and Greater Boston Legal Services, Boston, MA, were on brief for petitioner.

Alison R. Drucker, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, with whom Frank W. Hunger, Assistant Attorney General, and Lisa Dornell, Acting Assistant Director, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, were on brief for respondent.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and McAULIFFE,* District Judge.

McAULIFFE, District Judge.

The Board of Immigration Appeals ("BIA") ordered Beatrice White deported and denied her application for discretionary relief from deportation. White concedes the deportation order's validity, but petitions this court to set aside the BIA's denial of discretionary relief. 8 U.S.C. § 1105a(a). *See Foti v. INS*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); *Joseph v. INS*, 909 F.2d 605, 606 (1st Cir.1990). Although we find that the BIA erred, we conclude that the error was harmless and affirm.

## I. Background

White, a citizen of the Dominican Republic, has lived as a permanent resident in this country since 1970. In 1982 she was arrested and charged with five separate drug and three separate firearm offenses.[1] She was tried, convicted, and sentenced in the Massachusetts Superior Court on four of the charged drug offenses. The remaining drug charge and the three firearm charges were placed "on file" by that court.[2] No penalties were imposed on any of the "filed" charges.

Citing one of the 1983 drug convictions (possession of cocaine with the intent to distribute), the Immigration and Naturalization Service (INS) ordered White to show cause why she should not be deported. Following an administrative hearing, White was found to be deportable under § 241(a) of the Immigration and Nationality Act ("INA" or "the Act") (recodified at 8 U.S.C. § 1251(a)(2)(B)(i)). The immigration judge denied her application for discretionary waiver of deportation under INA § 212(c) (recodified at 8 U.S.C. § 1182(c)).[3]

---

* Of the District of New Hampshire, sitting by designation.

1. White was charged with committing three crimes on October 29, 1982 (possession of cocaine with intent to distribute, possession of heroin, and unlawful possession of a handgun), and five crimes on December 16, 1982 (two counts of possession of cocaine with intent to distribute, possession of heroin with intent to distribute, and two counts of unlawful possession of a handgun).

2. White pleaded guilty to the remaining drug offense before it was "filed." A jury returned a guilty verdict on one of the firearm charges, but the court placed that charge on file and did not

enter judgment. The other two firearm charges were also "filed," without entry of a guilty plea or determination of guilt. See our discussion of the Massachusetts "filing" procedure, *infra*.

3. Congress amended INA § 212(c) in 1990 to eliminate the availability of discretionary relief for any alien convicted of an aggravated felony who has served five years or more in prison. The amendment applies to applications for discretionary relief filed after November 20, 1991. *See De Osorio v. INS*, 10 F.3d 1034 (4th Cir. 1993). White applied for a waiver of deportation in 1986.

White appealed to the Board of Immigration Appeals ("BIA"). The BIA found that while the immigration judge erred in intimating (if not ruling) that discretionary relief under § 212(c) was unavailable to White because she had been found guilty of serious drug offenses, any prejudice resulting from that error could be remedied by applying the correct legal standard on appeal. Acknowledging White's *eligibility* for discretionary relief despite her serious drug offenses, the BIA reassessed all equitable factors relevant to her application and independently determined that discretionary relief was not warranted.

The BIA observed that "while [the equities favoring White] may be unusual or outstanding, [they] are not sufficient to counterbalance her ser[i]ous criminal misconduct." BIA Decision at 5. That serious criminal misconduct was described as follows:

> [She] was *convicted* of multiple counts of possession of cocaine or heroin with intent to distribute, *and possession of firearms*, and one count of possession of heroin. She *committed crimes* involving drug trafficking *and firearms* on two separate occasions.... [P]ossession and trafficking in drugs is a very serious adverse factor in determining whether discretionary relief is warranted under section 212(c). *We find this particularly true where firearms are involved*, given the potential for violence and homicide they represent, as is not uncommon where drug trafficking exists, and which *together* tear at the very fabric of our society.

BIA Decision at 5 (emphasis added).

## II. The Issues

■ White challenges the denial of a discretionary waiver of deportability, arguing that the BIA erred as a matter of law when it weighed her "filed" charges as if they had been final "convictions." White also complains that the BIA gave too much weight to certain adverse factors and too little weight

to favorable factors in denying relief. Only the first point requires discussion.[4]

## III. Discussion

■ Because the decision to grant or deny relief from deportation under § 212(c) is a matter committed to the BIA's discretion, we consider only whether the BIA acted arbitrarily or capriciously, or abused its discretion. *Hazzard v. INS*, 951 F.2d 435, 438 (1st Cir.1991); *McLean v. INS*, 901 F.2d 204, 205 (1st Cir.1990). The decision must be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *McLean*, 901 F.2d at 205 (quoting *Williams v. INS*, 773 F.2d 8, 9 (1st Cir. 1985)).

In this case we need consider only whether the BIA's decision "rested on an impermissible basis"—that is, whether White's "filed" charges, particularly those related to firearms, were improperly considered as *convictions*, and, if so, whether that error was prejudicial.

■ Section 241(a)(11) of the INA declares deportable any alien who "at any time has been convicted of a violation of ... any law or regulation of a State ... relating to a controlled substance." 8 U.S.C. § 1251(a)(11). But an alien so convicted, like petitioner, may nevertheless apply for a waiver of deportation under § 212(c) of the Act if he or she has been a lawful permanent resident of the United States for at least seven years. 8 U.S.C. § 1182(c); *see Joseph*, 909 F.2d at 606 n. 1; *Gando–Coello v. INS*, 888 F.2d 197, 198 (1st Cir.1989). Once statutory eligibility is established, a waiver may be granted or denied at the discretion of the Attorney General. The Attorney General has delegated exercise of her discretion to the BIA. *See, e.g., Katsis v. INS*, 997 F.2d 1067, 1076 (3rd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 902, 127 L.Ed.2d 93 (1994); *Akrap v. INS*, 966 F.2d 267, 271 (7th Cir.1992).

---

4. In concluding that White's positive equities were insufficient to offset negative factors, the BIA considered the evidence before it. To the extent White's complaints are directed to the relative weight given favorable and unfavorable factors, they are without merit. *Gouveia v. INS*, 980 F.2d 814, 819 (1st Cir.1992).

## A. Convictions for Immigration Purposes

■ As we have held before, federal law defines the term "conviction" as it is used in the immigration context. *Molina v. INS,* 981 F.2d 14, 19 (1st Cir.1992) ("[T]he need for national uniformity in the application of federal law and the history of [the] word [conviction] as applied by the INS ... and the courts, suggest that the federal word, while *reflecting* basic state usage, need not provide its *precise* mirror image."); *Pino v. Nicolls,* 215 F.2d 237, 243 (1st Cir.1954), *rev'd on other grounds, Pino v. Landon,* 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (per curiam).

■ As a general rule, even where there has been no formal adjudication of guilt, an alien will still be considered to have been "convicted" for immigration purposes if:

(1) a judge or jury has found the alien guilty or he [or she] has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty;

(2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed ...; and

(3) a judgment of adjudication of guilt may be entered if the person violates the terms of his [or her] probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge.

*Matter of Ozkok,* Int.Dec. 3044 at 13 (BIA 1988) [5]; *see also Molina,* 981 F.2d at 18 (applying the *Ozkok* test). Superimposed on the BIA's three-part test is an additional requirement: the "conviction" must have attained a sufficient degree of finality. *Matter of Ozkok,* Int.Dec. 3044 at 13 n. 6 (BIA 1988) (citing *Pino v. Landon,* 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (per curiam) (conviction placed "on file" by the Massachusetts Superior Court was insufficiently final for deportation purposes)). This finality requirement is satisfied if direct appellate review of the conviction has either been exhausted or waived. *Id.; Martinez–Montoya v. INS,* 904 F.2d 1018 (5th Cir.1990); *see also Morales–Alvarado v. INS,* 655 F.2d 172 (9th Cir.1981).

■ It is apparent, and the INS seems willing to concede,[6] that White's "filed" criminal charges, including the three charges related to unlawful firearm possession, simply do not qualify as "convictions" for immigration purposes. Under Massachusetts law the "filing" of a charge at any stage completely suspends the adjudicative process, including the defendant's right to appeal, until such time as the court reactivates or makes some further disposition of the case. *See Commonwealth v. Delgado,* 367 Mass. 432, 438, 326 N.E.2d 716, 722 (Mass.1975). In White's case, no punishment or penalty or restraint on liberty has been imposed on any of the filed charges, nor has she exhausted or waived her right to direct appellate review. Accordingly, the BIA should not have considered the filed charges as "convictions" in deciding whether to grant White discretionary relief from deportation. Having done so, the BIA erred.

## B. Prejudicial Error

■ We turn now to a more troublesome question. Was White prejudiced by the error? Improper consideration of favorable or unfavorable factors by the BIA may sometimes constitute abuse of discretion, and remand is generally required if the mistake could have affected the balance of equities upon which the decision rests. *See Martinez v. INS,* 970 F.2d 973, 975 (1st Cir.1992) (citing *Jen Hung Ng v. INS,* 804 F.2d 534, 540 (9th Cir.1986)); *See, e.g., Yepes–Prado v. INS,* 10 F.3d 1363, 1366 (9th Cir.1993) (as modified); *Shahandeh–Pey v. INS,* 831 F.2d 1384, 1389 (7th Cir.1987). However, we also recognize that the BIA's decision need not be disturbed on appeal if the error is "marginal." *See, e.g., Akrap,* 966 F.2d at 272 n. 9 (declining to reverse denial of discretionary relief where BIA mistakenly assumed peti-

---

5. We defer to the BIA's interpretation of the INA unless that interpretation is manifestly contrary to the statute. *See Mosquera–Perez v. INS,* 3 F.3d 553, 555 (1st Cir.1993) (citing *Chevron U.S.A., Inc. v. NRDC,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

6. *See* Respondent's Brief at 27–28.

tioner had six drug convictions when in fact he had five); *Spencer Livestock Comm'n v. Dep't of Agriculture,* 841 F.2d 1451, 1458 (9th Cir.1988) (affirming administrative judgment even though two consent orders were improperly considered as evidence of trade violations, where other evidence of violations existed).

White is undeniably deportable, and the BIA's mischaracterization of her filed charges did not preclude consideration for discretionary relief.[7] She concedes that in reviewing an application for discretionary relief the BIA may consider any evidence of bad character or undesirability as a permanent resident. *See Matter of Edwards,* Int. Dec. 3134 at 8 (BIA 1990) (listing adverse factors relevant to discretionary determinations). Here, the BIA certainly could have considered her filed charges as *some* evidence weighing against discretionary relief. *See, e.g., Bustos–Torres v. INS,* 898 F.2d 1053, 1055 (5th Cir.1990) (evidence admissible if probative and fundamentally fair). After all, White pleaded guilty to the filed drug charge and was found guilty by a jury on one of the filed firearm charges. Given that evidence and the number, seriousness, and recency of White's unquestionably final drug convictions, as well as the other adverse factors found, it is difficult to perceive how the BIA's mistake could have affected the balance of equities on which the denial rested.

The BIA found White's convictions for drug possession and drug trafficking to be "a very serious adverse factor" which could be offset only by a demonstration of "unusual or outstanding equities." BIA Decision at 4. That these drug convictions should weigh so heavily against petitioner's favorable equities, the BIA concluded, was "particularly true where firearms are *involved.*" *Id.* at 5 (emphasis added). The record contains ample reliable evidence of White's simultaneous involvement with drugs and firearms. The BIA's conclusion that the severity of petitioner's drug convictions was enhanced by her association with firearms is a finding justified by the record and well within the boundaries

of its discretion. To be sure, the filed charges were erroneously referred to as "convictions," but the BIA did not rely on the fact of firearm "convictions" per se in denying relief; it relied on White's *conduct* involving drugs and guns.

## IV. Conclusion

The distinction between proof of guilt by final conviction and by some less reliable means is an important one to maintain. But here, that distinction played no discernible role in the outcome. The BIA's error was marginal and harmless under these facts. *See Liwanag v. INS,* 872 F.2d 685, 687 n. 2 (5th Cir.1989) (no need to remand a case where there is little likelihood that the agency would have reached a different conclusion but for the error); *Akrap, supra.*

The denial of discretionary relief is *affirmed.*

---

7.  *Cf. Marino v. INS,* 537 F.2d 686 (2d Cir.1976) (conviction precludes eligibility for adjustment of status); *Martinez–Montoya v. INS,* 904 F.2d 1018 (5th Cir.1990) (conviction precludes eligibility for legalization).