69 F.3d 531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Guarionex A. MARMOLEJOS, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 95-1728.
 United States Court of Appeals, First Circuit.
 Oct. 31, 1995.
 
 Vernon Benet Miles, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on Motion for Summary Dismissal and Motion to Dismiss for Lack of Jurisdiction, for respondent.
 Guarionex A. Marmolejos on Application for Review of a Final Order of Deportation and Memorandum in Support of Motion for Review of Final Order of Deportation, pro se.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Guarionex A. Marmolejos, petitions for review of a final order of deportation. He currently is incarcerated pursuant to a state conviction for drug trafficking offenses. He does not dispute that his conviction renders him an aggravated felon for purposes of the Immigration and Nationality Act ("INA"). Petitioner raises essentially two issues on review.
 
 
 2
 1. Petitioner contends that the Immigration and Naturalization Service ("INS") violated his Fifth Amendment due process rights by delaying both the issuance of the order to show cause and the scheduling of the deportation hearing. Specifically, by the time of the hearing--when petitioner first indicated his intention to apply for a waiver of deportation under Sec. 212(c), 8 U.S.C. Sec. 1182(c)--he was ineligible for such relief, having served more than five years of his sentence.[1] Although the show cause order issued prior to the five-year cut-off, petitioner maintains that had it been issued earlier, he would have been able to secure legal assistance and make a timely Sec. 212(c) application. Also, petitioner argues that the show cause order was constitutionally deficient because it never informed him that there was a time limit for applying for the waiver.
 
 
 3
 Before proceeding, we note what is not at stake in this case. Petitioner does not contest that he is deportable, nor does he dispute that he was ordered deported only after a hearing which complied with statutory and regulatory requirements. Petitioner also does not contend that he never received notice of his right to apply for a Sec. 212(c) waiver. Rather, he complains about the timeliness of the procedures used by the INS in initiating and hearing the matter of his deportability. With this in mind, we turn to the merits.
 
 
 4
 A review of the statutes and regulations reveals that neither Congress nor the INS has required that a show cause order should issue in sufficient time to allow an aggravated felon to apply for a Sec. 212(c) waiver or that the order should include notice of the time limit on Sec. 212(c) eligibility. Although Sec. 242(i), 8 U.S.C. Sec. 1252(i), directs the Attorney General to "begin any deportation proceeding as expeditiously as possible after the date of the conviction," Congress has clarified that Sec. 242(i) does not create "any substantive or procedural right or benefit that is legally enforceable by any party" against the INS. See Immigration and Nationality Technical Corrections Act of 1994, Pub.L. No. 103-416, Sec. 225, 108 Stat. 4305, 4324 (1994). See also Campos v. INS, 62 F.3d 311, 314 (9th Cir.1995) (Sec. 225 makes clear that Sec. 242(i) does not place any obligations on the government). See generally INS v. Miranda, 459 U.S. 14, 18 (1982); Pimental-Romero v. INS, 954 F.2d 564, 564 (1st Cir.1991).
 
 
 5
 2. Petitioner's second contention is that his conviction did not become final for immigration purposes until the Massachusetts Supreme Judicial Court denied his request for further appellate review of his conviction. Because the denial occurred on September 8, 1993, petitioner argues that the fiveyear period in Sec. 212(c) did not begin to run until then. Thus, he concludes, he still is eligible to apply for a Sec. 212(c) waiver.
 
 
 6
 Petitioner is correct that his conviction did not become final until September 8, 1993. It is settled that "an alien is not deemed to have been 'convicted' of a crime under the [INA] until his conviction has attained a substantial degree of finality." Marino v. INS, 537 F.2d 686, 691 (2d Cir.1976). This occurs when "direct appellate review of the conviction has either been exhausted or waived." White v. INS, 17 F.3d 475, 479 (1st Cir.1994). Here, as petitioner points out, his conviction could only be considered final as of September 8, 1993. This, however, does not end the matter.
 
 
 7
 The last sentence of Sec. 212(c) states that an alien is ineligible to apply for a waiver of deportability if he or she "has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. Sec. 1182(c) (emphasis added). Plainly, two conditions must exist before an alien is barred from applying for a Sec. 212(c) waiver--his or her felony conviction must be final for INA purposes and he or she must have been imprisoned for the felony for five years.
 
 
 8
 Thus, the five-year requirement applies to a "term of imprisonment," not to a "conviction." The ordinary usage of the phrase "term of imprisonment" refers, we think, to time actually spent in prison for a particular offense. Petitioner does not, nor would he for ordinary purposes such as parole, contend that his "term of imprisonment" only commenced on September 8, 1993, when the SJC denied the appeal of his conviction. In sum, the term of imprisonment can begin before the conviction is affirmed on appeal and that is what happened in this case.
 
 
 9
 It might be a closer question whether the five-year term should run from the date on which a petitioner was held for trial and from which he received credit against his term following conviction. This is not a distinction urged by petitioner in this case; no plain error is involved; and given the apparent purpose of the statute, it is at least doubtful whether petitioner could be granted a waiver since he has now served more than five years from the date of his conviction, even if the pre-conviction period is discarded.
 
 
 10
 Based on the foregoing the motion of the INS for summary dismissal is granted. See Local Rule 27.1. The motion of petitioner for in forma pauperis status and the motion of the INS to dismiss for lack of jurisdiction are denied as moot.
 
 
 
 [1]
 Section 212(c), in relevant part, provides:
 Aliens lawfully admitted for permanent resident [sic] who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)).... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.
 (Emphasis added).