USCA1 Opinion

 

 October 31, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1728 GUARIONEX A. MARMOLEJOS, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF FINAL ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Guarionex A. Marmolejos on Application for Review of a Final ________________________ Order of Deportation and Memorandum in Support of Motion for Review of Final Order of Deportation, pro se. Vernon Benet Miles, Attorney, Office of Immigration Litigation, __________________ Civil Division, U.S. Department of Justice, on Motion for Summary Dismissal and Motion to Dismiss for Lack of Jurisdiction, for respondent. ____________________ ____________________ Per Curiam. Petitioner, Guarionex A. Marmolejos, __________ petitions for review of a final order of deportation. He currently is incarcerated pursuant to a state conviction for drug trafficking offenses. He does not dispute that his conviction renders him an aggravated felon for purposes of the Immigration and Nationality Act ("INA"). Petitioner raises essentially two issues on review. 1. Petitioner contends that the Immigration and Naturalization Service ("INS") violated his Fifth Amendment due process rights by delaying both the issuance of the order to show cause and the scheduling of the deportation hearing. Specifically, by the time of the hearing -- when petitioner first indicated his intention to apply for a waiver of deportation under 212(c), 8 U.S.C. 1182(c) -- he was ineligible for such relief, having served more than five years of his sentence.1 Although the show cause order  ____________________ 1. Section 212(c), in relevant part, provides: Aliens lawfully admitted for permanent resident [sic] who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)) . . . . The first sentence of this subsection _________________________________________ shall not apply to an alien who has been _________________________________________ convicted of one or more aggravated _________________________________________ felonies and has served for such felony _________________________________________ or felonies a term of imprisonment of at _________________________________________ -2- issued prior to the five-year cut-off, petitioner maintains _____ __ that had it been issued earlier, he would have been able to secure legal assistance and make a timely 212(c) application. Also, petitioner argues that the show cause order was constitutionally deficient because it never informed him that there was a time limit for applying for the waiver. Before proceeding, we note what is not at stake in ___ this case. Petitioner does not contest that he is deportable, nor does he dispute that he was ordered deported only after a hearing which complied with statutory and regulatory requirements. Petitioner also does not contend that he never received notice of his right to apply for a  212(c) waiver. Rather, he complains about the timeliness of the procedures used by the INS in initiating and hearing the matter of his deportability. With this in mind, we turn to the merits. A review of the statutes and regulations reveals that neither Congress nor the INS has required that a show cause order should issue in sufficient time to allow an aggravated felon to apply for a 212(c) waiver or that the order should include notice of the time limit on 212(c) eligibility. Although 242(i), 8 U.S.C. 1252(i), directs  ____________________ least 5 years. _____________ (Emphasis added). -3- the Attorney General to "begin any deportation proceeding as expeditiously as possible after the date of the conviction," Congress has clarified that 242(i) does not create "any substantive or procedural right or benefit that is legally enforceable by any party" against the INS. See Immigration ___ and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, 225, 108 Stat. 4305, 4324 (1994). See also ___ ____ Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) ( 225 makes ______ ___ clear that 242(i) does not place any obligations on the government). See generally INS v. Miranda, 459 U.S. 14, 18 ___ _________ ___ _______ (1982); Pimental-Romero v. INS, 954 F.2d 564, 564 (1st Cir. _______________ ___ 1991). 2. Petitioner's second contention is that his conviction did not become final for immigration purposes until the Massachusetts Supreme Judicial Court denied his request for further appellate review of his conviction. Because the denial occurred on September 8, 1993, petitioner argues that the five-year period in 212(c) did not begin to run until then. Thus, he concludes, he still is eligible to apply for a 212(c) waiver. Petitioner is correct that his conviction did not become final until September 8, 1993. It is settled that "an alien is not deemed to have been `convicted' of a crime under the [INA] until his conviction has attained a substantial degree of finality." Marino v. INS, 537 F.2d 686, 691 (2d ______ ___ -4- Cir. 1976). This occurs when "direct appellate review of the conviction has either been exhausted or waived." White v. _____ INS, 17 F.3d 475, 479 (1st Cir. 1994). Here, as petitioner ___ points out, his conviction could only be considered final as of September 8, 1993. This, however, does not end the matter. The last sentence of 212(c) states that an alien is ineligible to apply for a waiver of deportability if he or she "has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of ___ imprisonment of at least 5 years." 8 U.S.C. 1182(c) (emphasis added). Plainly, two conditions must exist before an alien is barred from applying for a 212(c) waiver -- his or her felony conviction must be final for INA purposes and he or she must have been imprisoned for the felony for five years. Thus, the five-year requirement applies to a "term of imprisonment," not to a "conviction." The ordinary usage of the phrase "term of imprisonment" refers, we think, to time actually spent in prison for a particular offense. Petitioner does not, nor would he for ordinary purposes such as parole, contend that his "term of imprisonment" only commenced on September 8, 1993, when the SJC denied the appeal of his conviction. In sum, the term of imprisonment -5- can begin before the conviction is affirmed on appeal and that is what happened in this case. It might be a closer question whether the five-year term should run from the date on which a petitioner was held for trial and from which he received credit against his term following conviction. This is not a distinction urged by petitioner in this case; no plain error is involved; and given the apparent purpose of the statute, it is at least doubtful whether petitioner could be granted a waiver since he has now served more than five years from the date of his conviction, even if the pre-conviction period is discarded. Based on the foregoing the motion of the INS for summary dismissal is granted. See Local Rule 27.1. The _______ ___ motion of petitioner for in forma pauperis status and the motion of the INS to dismiss for lack of jurisdiction are denied as moot. ______ -6-