USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 95-1730 UNITED STATES OF AMERICA, Appellee, v. RAFAEL ANTONIO CUEVAS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Rosenn, Senior Circuit Judge,* ____________________ and Lynch, Circuit Judge. _____________ ____________________ Louis B. Abilheira for appellant. __________________ Margaret E. Curran, Assistant United States Attorney, with __________________ whom Sheldon Whitehouse, United States Attorney, and Edwin J. __________________ ________ Gale, Assistant United States Attorney, were on brief, for the ____ United States. ____________________ February 2, 1996 ____________________  ____________________ *Of the Third Circuit, sitting by designation. LYNCH, Circuit Judge. Before he was convicted for being _____________ illegally present in the United States in violation of 8 U.S.C. 1326, Rafael Antonio Cuevas, a citizen of the Dominican Republic, had three separate encounters with the Rhode Island criminal justice system. The primary question in this sentencing appeal is whether the disposition of at least one of Cuevas' state offenses was a "conviction" for an "aggravated felony" under the prior offense enhancement of U.S.S.G. 2L1.2(b)(2) (Nov. 1994). Cuevas says that the enhancement does not apply to him, arguing that one of the offenses was not a "conviction" under state law, and that the others were not "aggravated felonies." We hold otherwise, on the grounds that the definition of "conviction" is a matter of federal, not state, law and that Cuevas' reading of the term "aggravated felony" is foreclosed by a recent decision of this court. Cuevas falls within the group as to whom Congress and the Sentencing Commission intended longer prison terms illegal aliens previously deported after aggravated felony convictions and so we affirm his sentence. Facts _____ Each of the three times that Cuevas faced charges under the criminal law in Rhode Island, he submitted a plea of nolo ____ contendere, his plea was accepted, he was judged guilty of __________ the crime charged, and he was sentenced. In 1983 he received three years probation for breaking and entering into a -2- 2 building in the nighttime with intent to commit larceny; in 1984 he was sentenced to a year in prison plus probation for possession of cocaine; and in 1986 he was sentenced to two years probation for possession of cocaine. Cuevas was deported in 1989. He returned illegally in 1990, then was arrested again in 1994 on another Rhode Island charge of cocaine possession. Once again, he pleaded nolo ____ and was sentenced to probation. While serving that term of probation, he was found in the United States by federal authorities. He was subsequently indicted in federal court on a charge of having been found in the United States without obtaining the consent of the Attorney General, in violation of 8 U.S.C. 1326. He pleaded guilty and was sentenced to fifty-seven months in prison under U.S.S.G. 2L1.2. His appeal raises two challenges to his sentence. The "Aggravated Felony" Enhancement ___________________________________ As in many sentencing appeals, the consequences of this appeal to the defendant are not negligible. The district court imposed a sentence of fifty-seven months.1 Cuevas  ____________________ 1. Section 2L1.2 of the Guidelines, which governs defendant's offense of conviction, sets a base offense level of 8. The district court then added sixteen levels under subsection (b)(2) and subtracted three levels for acceptance of responsibility under 3E1.1, producing a total offense level of 21. Charted against a criminal history category of IV, that offense level yielded a sentencing range of 57-71 months; the district court imposed sentence at the bottom of the range. -3- 3 says that he should serve no more than twenty-one months.2 He argues that the 16-level enhancement he received under  2L1.2(b)(2) of the Guidelines3 for having previously been "deported after a conviction for an aggravated felony" cannot stand, because neither of the two cocaine possession offenses he committed prior to his deportation was a "conviction for an aggravated felony."4 He contends that his first  ____________________ 2. While Cuevas asserts that 2L1.2(b)(2) does not apply to him, he concedes that his BOL of 8 was subject at least to a 4-level increase under 2L1.2(b)(1). Subtracting two levels for acceptance of responsibility under 3E1.1(a), he would calculate his total offense level to be 10, corresponding to a sentencing range of 15-21 months, given a criminal history category of IV. 3. Under that guideline, defendants convicted under 8 U.S.C. 1326 who previously have been "deported after a conviction for an aggravated felony" are subject to a substantial increase in their sentences: If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels. U.S.S.G. 2L1.2(b)(2) (Nov. 1994). Application note 7 to 2L1.2 provides in relevant part: "Aggravated felony," as used in subsection (b)(2), means . . . any illicit trafficking in any controlled substance (as defined in 21 U.S.C. 802), including any drug trafficking crime as defined in 18 U.S.C. 924(c)(2); . . . or any attempt or conspiracy to commit any such act. The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law . . . . U.S.S.G. 2L1.2, comment. (n.7) (Nov. 1994). 4. Defendant also asserts that his 1983 offense of breaking and entering cannot be characterized as an "aggravated felony." As the government does not contest this point, we -4- 4 violation was not itself an "aggravated felony," and that the disposition of his second drug offense, to which he pleaded nolo and for which he received a sentence of probation, was ____ not a "conviction" under Rhode Island law. We reject both prongs of Cuevas' challenge. A. Whether the 1986 Disposition Was a "Conviction" __ _______________________________________________ Cuevas assumes that whether the disposition in 1986 of his second cocaine possession offense is to be considered a "conviction" for purposes of the Guidelines is a matter of Rhode Island law. He posits that he was not "convicted" of that offense under Rhode Island law and so it cannot be a conviction for purposes of Guidelines 2L1.2.5 This assumption is unfounded. In this Circuit and others, courts have consistently held that whether a particular disposition  ____________________ treat it as conceded. 5. He relies on R.I. Gen. Laws 12-18-3(a) (1994), which provides: Whenever any person shall be arraigned before the district court or superior court, and shall plead nolo contendere, and the court places the person on probation . . ., then upon the completion of the probationary period, and absent a violation of the terms of the probation, the plea and probation shall not constitute a conviction for any purpose. Evidence of a plea of nolo contendere followed by a period of probation, completed without violation of the terms of said probation, may not be introduced in any court proceeding, except that records may be furnished to a sentencing court following the conviction of an individual for a crime committed subsequent to the successful completion of probation on the prior offense. -5- 5 counts as a "conviction" in the context of a federal statute is a matter of federal determination.6 Under applicable federal standards, Cuevas was clearly "convicted" with respect to his 1986 cocaine possession offense. As that offense was an "aggravated felony," his 1989 deportation was "after a conviction" for at least one aggravated felony, and the enhancement of 2L1.2(b)(2) was properly applied. In Molina v. INS, 981 F.2d 14 (1st Cir. 1992), this ______ ___ court addressed the meaning of a statute limiting the availability of amnesty from deportation to illegal aliens who have "not been convicted of any felony" while in the United States. 8 U.S.C. 1255a(a)(4)(B). The petitioner in that case, an illegal alien, admitted that he had twice pleaded nolo contendere and been sentenced to probation on ____ __________ felony drug charges under Rhode Island law. Citing the same provision of Rhode Island law upon which Cuevas relies here, see R.I. Gen. Laws 12-18-3, the petitioner argued that a ___ nolo plea to a drug charge followed by a sentence of straight ____ probation was not treated as a "conviction" under state law and, therefore, should not be considered so for purposes of  ____________________ 6. The particular guideline at issue here, 2L1.2, implements a statutory penalty enhancement found within the immigration laws. See 8 U.S.C. 1326(b); United States v. ___ _____________ Restrepo-Aguilar, __ F.3d ___, ___, No. 95-1660, slip op. at ________________ 3 n.2 (1st Cir. Jan. 30, 1996). Thus, our understanding of the term "conviction" is informed both by the law governing immigration offenses as well as the law under the Guidelines governing the federal sentencing of those offenses. -6- 6 federal law. Molina, 981 F.2d at 19. For the court, Judge ______ (now Justice) Breyer rejected this argument. The court specifically held that the term "conviction" is a matter of federal, not state, definition. Molina, 981 F.2d at 19-20; ______ see also White v. INS, 17 F.3d 475, 479 (1st Cir. 1994) ("As ________ _____ ___ we have held before, federal law defines the term 'conviction' as it is used in the immigration context." (citing Molina, 981 F.2d at 19)). The court noted that this ______ Circuit, forty years earlier, had held that "the meaning of the word 'convicted' in the federal immigration law is a federal question." Id. at 19-20 (quoting Pino v. Nicolls, ___ ____ _______ 215 F.2d 237, 243 (1st Cir. 1954) (Magruder, J.) (internal quotation marks omitted), rev'd on other grounds, 349 U.S. _______________________ 901 (1955) (per curiam)).7 We follow Molina and Pino and hold that the meaning of ______ ____ the word "conviction" in 2L1.2(b)(2) of the Sentencing Guidelines, which implements 8 U.S.C. 1326(b), a provision found within the immigration laws, is to be determined in accordance with federal law. See also White, 17 F.3d at 479; ________ _____ Chong v. INS, 890 F.2d 284 (11th Cir. 1989) (per curiam); _____ ___ accord Wilson v. INS, 43 F.3d 211, 215 (5th Cir.) (per ______ ______ ___  ____________________ 7. The Supreme Court in its Pino decision expressed no ____ disagreement with Judge Magruder's statement that the meaning of "conviction" is a federal question, but found that the conviction at issue had not attained "finality." See Pino, ___ ____ 349 U.S. at 901; Wilson v. INS, 43 F.3d 211, 215 (5th Cir.) ______ ___ (per curiam), cert. denied, 116 S. Ct. 59 (1995); Molina, 981 ____________ ______ F.2d at 20. -7- 7 curiam), cert. denied, 116 S. Ct. 59 (1995); Ruis-Rubio v. ____________ __________ INS, 380 F.2d 29 (9th Cir.) (per curiam), cert. denied, 389 ___ _____________ U.S. 944 (1967). Support for this conclusion comes from outside the context of immigration statutes as well. For example, the Seventh Circuit has recently held, in applying the penalty enhancement provisions of the Controlled Substances Act, 21 U.S.C. 841(b)(1)(B), that a plea of guilty to a state felony offense followed by a sentence of probation8 constitutes a "prior conviction," even though that disposition would not be so deemed under the law of the convicting state. See United States v. McAllister, 29 F.3d ___ _____________ __________ 1180, 1184 (7th Cir. 1994).9 Similarly, in 1983 this court held that a defendant who had entered a nolo contendere plea ____ __________ and was sentenced to probation under Rhode Island law had been "convicted" of a crime for purposes of the federal  ____________________ 8. For purposes of determining whether a state disposition is a "conviction" as a matter of federal law, there is no meaningful distinction between a plea of guilty followed by probation and a plea of nolo contendere followed by ____ __________ probation. United States v. Bustamante, 706 F.2d 13, 15 (1st _____________ __________ Cir.), cert. denied, 464 U.S. 856 (1983); cf. Sokoloff v. _____ ______ ___ ________ Saxbe, 501 F.2d 571, 574-75 (2d Cir. 1974) (stating principle _____ in context of 21 U.S.C. 824(a)(2) license revocation case). 9. Other Circuits are in agreement with McAllister that __________ federal law governs the meaning of "conviction" in the federal drug laws. See United States v. Mejias, 47 F.3d 401, ___ _____________ ______ 403-04 (11th Cir. 1995) (plea of nolo in state court, even ____ with adjudication withheld, is conviction for federal purposes); United States v. Meraz, 998 F.2d 182, 183 (3d Cir. _____________ _____ 1993); United States v. Campbell, 980 F.2d 245, 250 n.6 (4th _____________ ________ Cir. 1992), cert. denied, 113 S. Ct. 2446 (1993). _____ ______ -8- 8 felon-in-possession-of-a-firearm statute, 18 U.S.C. 922(h)(1), even though the event did not amount to a "conviction" under state law. United States v. Bustamante, ______________ __________ 706 F.2d 13, 14-15 (1st Cir.) (Breyer, J.), cert. denied, 464 _____ ______ U.S. 856 (1983). The decisions in Bustamante and, to a lesser degree, in __________ McAllister both were based in part on the Supreme Court's __________ decision in Dickerson v. New Banner Institute, Inc., 460 U.S. _________ __________________________ 103 (1983). In Dickerson, a defendant who had pleaded guilty _________ to a state offense, served a term of probation, and received an expungement of his record argued that he had not been "convicted" of that offense. The Court did not agree. Observing that a defendant "cannot be placed on probation if the court does not deem him to be guilty of a crime," id. at ___ 113-14, the Court held that the meaning of "conviction" for purposes of the federal gun control statutes is a federal matter: Whether one has been "convicted within the language of [a federal] statute[] is necessarily . . . a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State. Id. at 111-12. ___ It is true, of course, that the particular outcome reached in Dickerson under the federal gun control laws was _________ effectively abrogated by Congress in May 1986, when it amended 18 U.S.C. 921(a)(20) to read as it currently does. -9- 9 That congressional action, however, reflects not a disagreement with the Court's reasoning, but merely that Congress determined that its legislative objectives would be better served by defining "conviction" by reference to state law. See McAllister, 29 F.3d at 1184-85 ("[W]hile ___ __________ interpreting federal statutes is a question of federal law, Congress can make the meaning of a statute dependent on state law."). The decisions in Dickerson and Bustamante still _________ __________ stand for the proposition that, absent legislative indication to the contrary, the meaning of "conviction" for purposes of a federal statutory scheme is to be determined under prevailing federal law. See Yanez-Popp v. INS, 998 F.2d ___ __________ ___ 231, 236 (4th Cir. 1993) ("[Dickerson] still stands for the _________ general proposition that federal law governs the application of Congressional statutes in the absence of a plain language to the contrary."); cf. McAllister, 29 F.3d at 1185 (treating ___ __________ Dickerson as still authoritative, outside context of gun _________ laws, for principle that guilty plea plus probation equals conviction under federal law). Congress' decision to overrule the particular result reached in Dickerson simply _________ reflects a deliberate choice to define "conviction" as used in a federal gun statute by reference to state law. Congress has not made the same choice with respect to the immigration laws. See Wilson, 43 F.3d at 215; Yanez- ___ ______ ______ Popp, 998 F.2d at 235; see also Molina, 981 F.2d at 22 ("Of ____ ________ ______ -10- 10 course, federal gun control law is not federal immigration law."). Since the May 1986 enactment of the statutory amendment to the gun control laws that effectively abrogated Dickerson, the courts including this one, see White, 17 _________ ___ _____ F.3d at 479; Molina, 981 F.2d at 19 have continued to ______ define "conviction" according to uniform federal standards for purposes of the laws governing immigration offenses. If Congress had disapproved of these cases, it surely could have amended the immigration laws in the same fashion it did the firearms statute. That Congress has chosen not to do so reinforces our conclusion that "conviction" in the context of the laws governing immigration offenses, including federal sentencing for those offenses, remains a matter of federal definition. The disposition of Cuevas' 1986 state cocaine possession offense clearly falls within the scope of the term "conviction," federally understood. This is true both as a matter of Guidelines interpretation and, more broadly, under the law governing immigration offenses. Although the particular guideline at issue here ( 2L1.2) does not define "conviction," the guideline that contains the general instructions for assessing a defendant's criminal history does provide clear guidance. See U.S.S.G. 4A1.2. That ___ guideline specifically provides that the phrase "'[c]onvicted of an offense' . . . means that the guilt of the defendant -11- 11 has been established, whether by guilty plea, trial, or plea of nolo contendere." U.S.S.G. 4A1.2(a)(4) (Nov. 1994).10 ____ __________ Relying in part on 4A1.2, this court held in United ______ States v. Pierce, 60 F.3d 886 (1st Cir. 1995), petition for ______ ______ ________ ___ cert. filed (Oct. 19, 1995) (No. 95-6474), that a prior state _____ _____ "conviction" is established for Guidelines purposes by "a guilt-establishing event (such as a plea where a defendant states that he does not wish to contest the charges)." Id. ___ at 892 (plea of nolo, even if followed by a withheld ____ adjudication, constitutes a "conviction" for federal sentencing purposes); see also United States v. Jones, 910 ___ ____ _____________ _____ F.2d 760, 761 (11th Cir. 1990) (per curiam) (same). Here, there is no dispute that whether or not Cuevas' second cocaine offense could be considered a "conviction" under Rhode Island law, he was indeed adjudged guilty of that crime following his nolo plea and was sentenced to probation based ____ on that plea. Cf. Dickerson, 460 U.S. at 113-14 ("[O]ne ___ _________ cannot be placed on probation if the court does not deem him to be guilty of a crime."). It seems clear under the  ____________________ 10. Although the direct applicability of this definition is limited to the "purposes of [ 4A1.2]" itself, the purposes ________ underlying the Guidelines' criminal history computation provisions are the same as the purpose behind the prior offense enhancement contained in 2L1.2(b)(2) i.e., to ____ provide increased sentences for defendants who have demonstrated recidivist tendencies. The guidance given in 4A1.2 is instructive, if not dispositive. -12- 12 Guidelines, then, that Cuevas was "convicted" of the 1986 cocaine offense. Furthermore, even outside the specific context of the Guidelines, the law is plain that a state's acceptance of a defendant's plea of nolo contendere on a drug charge followed ____ __________ by imposition of a probationary sentence counts as a "conviction" for purposes of the statutes relating to immigration offenses. White, 17 F.3d at 479;11 Molina, 981 _____ ______ F.2d at 18; Ruis-Rubio, 380 F.2d at 29-30. We conclude that __________ Cuevas was "convicted" in 1986 of his second cocaine offense, both within the meaning of the Guidelines and within the broader context of the laws governing immigration offenses.  ____________________ 11. In White, we said that a disposition meets the federal _____ definition of "conviction" for purposes of the laws governing immigration offenses if: (1) a judge or jury has found the alien guilty or he [or she] has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty; (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed . . .; and (3) a judgment of adjudication of guilt may be entered if the person violates the terms of his [or her] probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge. White, 17 F.3d at 479 (quoting Matter of Ozkok, Interim _____ ________________ Decision 3044, 19 I. & N. Dec. 546, 551-52 (B.I.A. 1988)); see also Wilson, 43 F.3d at 213-14 (adopting Ozkok); Molina, ________ ______ _____ ______ 981 F.2d at 18 (quoting Ozkok). All of these factors are _____ satisfied by the disposition of Cuevas' 1986 cocaine possession offense. -13- 13 Once the disposition of Cuevas' second cocaine offense is recognized to be a conviction, it clearly constitutes an "aggravated felony" under U.S.S.G. 2L1.2(b)(2). An "aggravated felony" includes any "drug trafficking crime" within the meaning of 18 U.S.C. 924(c)(2). U.S.S.G. 2L1.2, comment. (n.7). A "drug trafficking crime" in turn encompasses, inter alia, any offense that is both (1) a _____ ____ felony and (2) punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.). See 18 U.S.C. 924(c)(2); United __ ____ ___ ______ States v. Restrepo-Aguilar, __ F.3d ___, ___, No. 95-1660, ______ ________________ slip op. at 7 (1st Cir. Jan. 30, 1996); United States v. ______________ Forbes, 16 F.3d 1294, 1301 (1st Cir. 1994). Here, the ______ defendant's second offense of simple possession of cocaine undoubtedly qualifies as a felony in the requisite sense. Forbes, 16 F.3d at 1301 (explaining that a second drug ______ possession offense is punishable as a felony under federal law).12 And cocaine possession is, of course, punishable under the Controlled Substances Act. See 21 U.S.C. 844(a). ___ Thus, the offense falls within the definition of "drug  ____________________ 12. The possession offense, which was punishable under Rhode Island law by a maximum of three years imprisonment, see R.I. ___ Gen. Laws 21-28-4.01(C)(1)(a), is also a felony under state law, see R.I. Gen. Laws 11-1-2 (defining "felony" as an ___ offense punishable by a term of imprisonment exceeding one year). Thus, regardless whether the offense would have been punishable as a felony under federal law, the offense qualifies as a felony for purposes of the definition of "drug trafficking crime." See Restrepo-Aguilar, __ F.3d at ___, ___ ________________ slip op. at 9. -14- 14 trafficking crime" under 18 U.S.C. 924(c)(2), and is an "aggravated felony" within the meaning of U.S.S.G. 2L1.2(b)(2) and application note 7. The district court, therefore, properly increased the defendant's base offense level by 16 levels. B. Whether the 1984 Offense Was a "Felony" __ _______________________________________ Even were one to assume that the disposition of Cuevas' 1986 cocaine offense was not a "conviction," his challenge to the application of 2L1.2(b)(2) would fail, because his 1984 conviction for cocaine possession was itself for an "aggravated felony." As to his 1984 cocaine offense, Cuevas does not dispute that he was "convicted." Rather, he argues that, while the offense was a felony under Rhode Island law, it would have been punishable only as a misdemeanor if prosecuted under federal law, and therefore could not be a "felony," nor a "drug trafficking crime," nor an "aggravated felony" for purposes of 2L1.2(b)(2). We recently rejected precisely this argument, however, in United States v. ______________ Restrepo-Aguilar, __ F.3d ___, No. 95-1660 (1st Cir. Jan. 30, ________________ 1996). Thus, even apart from Cuevas' 1986 cocaine possession offense, the district court properly enhanced defendant's sentence by 16 levels in view of his 1984 offense, which was itself an "aggravated felony" under 2L1.2(b)(2). Criminal History Category Computation _____________________________________ -15- 15 Cuevas argues that the district court erroneously added two points to his Guidelines criminal history computation based on a finding that defendant had committed his federal offense of conviction while under a sentence of probation imposed by the Rhode Island state court for a 1994 state drug offense. See U.S.S.G. 4A1.1(d) (Nov. 1994) ("Add 2 points ___ if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ."). Defendant contends that because he illegally reentered the United States in 1990, he could not have committed that offense while under his 1994 state probationary sentence. This argument has no more than superficial appeal. The unambiguous terms of the statute under which Cuevas was convicted establish that a deported alien who illegally reenters and remains in the United States can violate the statute at three different points in time: when he "enters," "attempts to enter," or when he "is at any time found in" this country. 8 U.S.C. 1326(a). As was said in United ______ States v. Rodriguez, 26 F.3d 4 (1st Cir. 1994), "we think it ______ _________ plain that 'enters,' 'attempts to enter' and 'is at any time found in' describe three distinct occasions on which a deported alien can violate Section 1326." Id. at 8. ___ Cuevas was indicted specifically for the offense of being "found" in the United States in violation of 1326(a). That was the charge to which he pleaded guilty. Thus, even -16- 16 though defendant illegally reentered the United States in 1990, he committed his 1326(a) offense in 1995, when he was "found." Rodriguez, 26 F.3d at 8. He was unquestionably _________ serving a criminal probationary sentence for his 1994 state drug conviction at that time. There was no error in the district court's application of U.S.S.G. 4A1.1(d). Affirmed. _________ -17- 17