86 F.3d 1147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Luc Gaetan YARGEAU, a/k/a Luke Gaetan Yargeau, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-1240.
 United States Court of Appeals, First Circuit.
 May 30, 1996.
 
 Luc Gaetan Yargeau on Petition for Review pro se.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 After careful review of the record and the petition for review, we find no reversible error in the BIA decision. Accordingly, we affirm, essentially for the reasons stated in that decision, adding only the following comments.
 
 
 2
 1. Contrary to petitioner's assertion, his Maine drug conviction is an "aggravated felony" in the context of this deportation proceeding. See 8 U.S.C. § 1101(a)(43) ("aggravated felony" includes illicit trafficking in controlled substances as defined in 21 U.S.C. § 802, including drug trafficking crimes as defined in 18 U.S.C. § 924(c)); Amaral v. INS, 977 F.3d 33, 35-36 (1st Cir.1992) (explaining the definitions of "aggravated" and "felony"). In any event, the point is not properly raised to us, as petitioner conceded his deportability in the proceedings before the immigration judge and the BIA.
 
 
 3
 2. The BIA's description of petitioner's juvenile record is supported by the evidence presented by petitioner's witnesses. To the extent that petitioner disputes the BIA's characterization of his juvenile arrest for theft as one for "robbery," we find any such inaccuracy on this tangential, background point to be harmless. See White v. INS, 17 F.3d 475, 479 (1st Cir.1994) (INS error is harmless unless it could have affected the decision).
 
 
 4
 3. We perceive no merit in petitioner's assertion that "many other mitigating circumstances" have been "overlooked or ignored." Our review of the record discloses that petitioner, then represented by counsel, had a full and fair opportunity to present his arguments and evidence, and that the BIA fully considered the arguments and evidence presented to it. We have no authority to consider matters not brought to the BIA's attention. See 8 U.S.C. § 1105a(c); Alleyne v. INS, 879 F.2d 1172, 1182 (1st Cir.1989).
 
 
 5
 4. Finally, on its merits, the BIA's decision suggests no grounds for reversal. The BIA considered all the evidence, made specific findings as to both the positive and negative factors, and explained how it reached the decision. The BIA noted that this was a difficult case because of the factors on both sides, including some outstanding equities in petitioner's favor. Even in light of the outstanding equities, the grant or denial of a waiver remains a matter of BIA discretion, and this court will not "second-guess the Board on the manner in which it weights different factors when arriving at its ultimate decision." See Gouveia v. INS, 980 F.2d 814, 819 (1st Cir.1992).
 
 
 6
 There being no substantial question for review, we summarily affirm the decision of the BIA and deny and dismiss the petition for review. See 1st Cir. Loc. R. 27.1.