Michael Anthony REID, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICES, Respondent.**

No. CIV.A. 02–40012–NMG.

United States District Court, D. Massachusetts.

April 24, 2002.

---

Michael Anthony Reid, Gardner, MA, pro se.

Frank Crowley, Immigration & Naturalization, Special Assistant U.S. Attorney, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is the motion of the Immigration and Naturalization Service ("INS") to dismiss the petition of Michael Anthony Reid ("Reid") for a writ of habeas corpus seeking relief from a final order of deportation. Reid is a native and citizen of Jamaica who was admitted to the United States as a lawful permanent resident on November 20, 1982.

On October 3, 1991, a Suffolk County grand jury returned three indictments charging Reid with first degree murder, assault and battery with a dangerous weapon and possession of an unlicensed firearm. On September 1, 1992, a jury convicted him of voluntary manslaughter, assault and battery with a dangerous weapon and illegal possession of a firearm. On June 4, 1996, the Massachusetts Appeals Court affirmed Reid's conviction. *Commonwealth v. Reid,* 40 Mass.App.Ct. 1126, 665 N.E.2d 1039 (1996). On July 9, 1996, the Supreme Judicial Court ("SJC") denied Reid's application for further appellate review.

Deportation hearings were commenced against Reid by an administrative Order to Show Cause dated July 16, 1996 alleging his deportability under Section 241(a)(2)(C) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1251(a)(C) (recodified at 8 U.S.C. § 1227 (1996)), on the basis of his firearms conviction.

On February 4, 1998, a deportation hearing was held before an Administrative Law Judge in the Executive Office for Immigration Review of the INS ("Immigration Judge") who found petitioner to be deportable on the basis of his firearms conviction. The Immigration Judge also found that Reid was ineligible for relief from deportation because of both his manslaughter and firearms convictions. Reid appealed that decision to the Board of Immigration Appeals ("BIA") which dismissed the appeal and entered a final order of deportation on January 14, 1999.

On January 14, 2002, Reid filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court seeking relief from the order of deportation on the grounds that the Immigration Judge and the BIA 1) violated his due process rights, 2) applied laws *ex post facto* in determining his deportability and 3) improperly

applied amendments to the INA retroactively to his case.

## I. *Analysis*

■ Federal courts have jurisdiction over habeas petitions brought by aliens facing deportation to the extent those petitions are based on colorable claims that petitioner's statutory or constitutional rights have been violated. *Carranza v. INS,* 277 F.3d 65, 71 (1st Cir.2002); *see also INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). In the instant case, petitioner alleges that the BIA and Immigration Judge violated his due process rights and right to be free from *ex post facto* laws and misapplied amendments to the INA.

■ Petitioner's first argument is that the Immigration Judge violated his right to Due Process by ordering his deportation on the basis of his manslaughter conviction without alleging that conviction as a basis for deportation in the Order to Show Cause. Consequently, he asserts, he was not afforded notice and an opportunity to be heard on the charge of manslaughter at his deportation proceedings.

It is clear from the Immigration Judge's decision that she ordered petitioner's deportation on the basis of his firearm conviction alone. *See In the Matter of Michael Anthony Reid,* No. A–37–769–745 (Dept. of Justice, February 4, 1998). The Immigration Judge discussed petitioner's manslaughter conviction in the context of whether he was eligible for relief from deportation as opposed to whether he was deportable. Likewise, the BIA affirmed the order of deportation based on the firearms conviction alone. *See In re Michael Anthony Reid,* No. A37 769 745 (BIA January 14, 1999). Reid was not charged with a ground for deportation other than that alleged in the Order to Show Cause. As

such he was not denied notice or an opportunity to be heard on the charge against him.

■ The INS is not restricted to the charge contained in the administrative charging document in determining whether an alien is eligible for relief from deportation once there has been a finding of deportability. *See Griffiths v. INS,* 243 F.3d 45, 48 n. 1 (1st Cir.2001)(convictions other than that forming the basis of the deportation charge are relevant to petitioner's application for discretionary relief); *White v. INS,* 17 F.3d 475, 480 (1st Cir.1994)(INS can consider additional criminal charges and even evidence of bad character in determining whether to grant relief from deportation). The consideration of Reid's manslaughter conviction in determining whether he was eligible for relief from deportation was, accordingly, permissible and appropriate.

■ Reid's second argument is that the Immigration Judge applied certain amendments to the INA to his case *ex post facto.* The *ex post facto* clause of the U.S. Constitution bars the retroactive application of criminal laws that materially disadvantage the defendant. U.S. Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. But even if the Immigration Judge applied laws retroactively to Reid's case, the First Circuit Court of Appeals has established that the Clause does not apply to deportation proceedings. *United States v. Bodre,* 948 F.2d 28, 33 (1st Cir.1991)(deportation is a civil proceeding and "is not punishment for criminal acts but rather a governmental decision not to harbor an unwanted alien").

■ In addition to his constitutional claims, Reid also appears to assert that the Immigration Judge incorrectly interpreted the INA as amended. In his petition, he seizes upon the following statement of the Immigration Judge at the February 4, 1998 deportation hearing:

> Under the old law, if the Petitioner had a conviction for possession of a firearm, there was a way that he could apply for a § 212(h) of the Act, 8 U.S.C. § 1182(h), but under the new law, because he was convicted of an aggravated felony, now that is the manslaughter, he's not eligible for any relief.

Petitioner suggests that the INS misapplied the "new law" to his deportation hearing. The Judge's use of the terms "old law" and "new law" are references to the amendments to the INA enacted by Congress in 1996.[1]

In that year, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996)("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, Div. C., 110 Stat. 3009–546 (Sept. 30, 1996)("IIRIRA"). AEDPA and IIRIRA expanded the category of criminal convictions that would render an alien ineligible for relief from deportation.

The Immigration Judge determined that Reid was ineligible for relief from deportation under either § 212(h) or § 212(c) of the INA. Section 212(h) allows the Attorney General to waive subsections of 8 U.S.C. § 1182 which classify certain aliens as ineligible to be admitted to the United

---

1. It is important to note that the basis for the Immigration Judge's determination that Reid was deportable was not altered by changes to the law after Reid's 1992 conviction. In 1988, Congress enacted the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, 102 Stat. 4181 ("ADDA") which made the possession of a firearm in violation of any law a deportable offense. *See* § 7348, 102 Stat. 4181 (codified at 8 U.S.C. § 1227(a)(2)(C)(1996)). A conviction for unlawful possession of a firearm without a license has, therefore, been a ground for deportation since before 1992.

States based upon criminal convictions and other factors. *See* 8 U.S.C. § 1182(h). Section 348 of IRRIRA amended § 212(h), however, to prohibit the Attorney General from granting a waiver:

in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony.

8 U.S.C. § 1182(h)(1)(Supp. V 1999); *Griffiths*, 243 F.3d at 56. Manslaughter has been defined as an aggravated felony since 1990. *See* 8 U.S.C. § 1101(a)(43)(amended by the Immigration Act of 1990 § 501(a), Pub.L. No. 101–649, 104 Stat. 5048 (Nov. 29, 1990)).

Section 348(b) of IRRIRA provides that the amendment:

shall be effective on the date of the enactment of this Act and shall apply in the case of any alien who is in exclusion or deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date.

Reid was in deportation proceedings before September 30, 1996, the date IRRIRA was enacted. Because a final order of deportation was not entered until January 14, 1999, the IRRIRA-amended INA § 212(h) was applicable to Reid's case and he was thereby barred from eligibility for a waiver under that section even if he had satisfied the additional prerequisites for an adjustment of status. *Griffiths*, 243 F.3d at 56 (IRRIRA-amended § 212(h) applies to petitioner whose deportation proceedings were pending on the date of IRRIRA's enactment).

■ Section 212(c) of the INA gave the Attorney General discretion to permit aliens with lawful permanent residence status to return to the United States after a temporary absence. *See* § 212, 66 Stat. 187 (1952)(repealed 1996). Over time, courts construed that provision as permitting the Attorney General to waive deportation for aliens already within the United States. *Carranza*, 277 F.3d at 68; *Wallace v. Reno*, 194 F.3d 279, 281 (1st Cir. 1999). IRRIRA repealed § 212(c) abolishing such waivers entirely, *see* § 304(b), 110 Stat. 3009–597, and replaced it with a process called "cancellation of removal." *Id.* at 3009–594 (creating 8 U.S.C. § 1229(b)); *St. Cyr*, 533 U.S. at 297, 121 S.Ct. 2271. Under 8 U.S.C. § 1229(b)(a)(3), the Attorney General cannot use his discretion to halt the removal of an alien convicted of an aggravated felony.

In *St. Cyr*, the United States Supreme Court held that, notwithstanding its repeal, § 212(c) relief remains available for aliens whose convictions were obtained through plea agreements and who would have been eligible for § 212(c) relief at the time of their guilty pleas. *Id.* at 326, 121 S.Ct. 2271. In *Gomes v. Ashcroft*, No. 01–30160, 2002 WL 548327, *2–3, 2002 U.S. Dist. LEXIS 6323, *7–8 (D.Mass. April 9, 2002)(Ponsor, J.), this Court determined that the holding of *St. Cyr* is inapposite to a case where an alien seeking § 212(c) relief was convicted by a jury prior to its repeal.

This Court need not consider whether the holding of *St. Cyr* applies to jury convictions occurring before the passage of IRRIRA because even if § 212(c) were still in effect, Reid would not be eligible for a waiver under that section. The Immigration Judge and the BIA properly determined that Reid's conviction for unlawful possession of a firearm rendered him ineligible to be considered for a § 212(c) waiver. *Campos v. INS*, 961 F.2d 309, 315 (1st Cir.1992)(§ 212(c) does not authorize the granting of discretionary relief to aliens convicted of possession of a firearm without a license).

## ORDER

For the reasons set forth in the Memorandum above, Respondent's motion to dismiss the petition for a writ of habeas corpus (Docket No. 4) is ALLOWED.

So ordered.